431 So.2d 1017 (1983)
Henry James TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1879.
District Court of Appeal of Florida, Fourth District.
March 30, 1983.
Rehearing Denied June 15, 1983.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Debra Mann, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Henry James Turner appeals from a judgment of conviction and sentence thereon. He contends the trial court erred by denying his motion to withdraw his guilty plea made when the trial judge imposed restitution in addition to the sentence which the trial judge forecast during a plea conference.
The record demonstrates that the length of sentence coincided with the discussions before the court. However, the court never raised the possibility of restitution during the plea negotiations, and neither the judge nor the prosecutor gave appellant notice and opportunity to be heard upon the issue. Reeves v. State, 372 So.2d 1016 (Fla. 2d DCA 1979). Further, the trial judge imposed restitution on appellant alone for the *1018 full amount of the victim's claimed damages, despite the fact that four defendants perpetrated the crimes. The State did not show what portion of the victim's damages arose from appellant's acts, rather than those of his codefendants. See Fresneda v. State, 347 So.2d 1021 (Fla. 1977). Finally, the trial judge did not comply with Section 775.089, Florida Statutes (1981) in that he did not determine appellant's ability to pay, his financial resources or the burden that payment would impose upon him.
Accordingly, we affirm appellant's conviction and the prison sentence, and remand with directions to strike that part of the sentence which imposes restitution.
CONVICTION AFFIRMED; SENTENCE VACATED IN PART.
HURLEY and WALDEN, JJ., concur.