492 So.2d 757 (1986)
Henry L. BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0314.
District Court of Appeal of Florida, Fourth District.
August 6, 1986.
*758 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Henry Butler appeals the sentence imposed upon him for battery of a corrections officer, and a final judgment assessing attorney's fees and costs to him.
Butler asserts that the court erred in sentencing him to four-and-one-half years because the recommendation at the change-of-plea hearing was for a four-year sentence. We affirm the imposition of the four-and-one-half year sentence. The trial court was not bound by the prosecutor's plea-bargain agreement, and could properly impose a more severe penalty upon Butler. State v. Adams, 342 So.2d 818 (Fla. 1977). Moreover, Butler has not filed a motion with the trial court to vacate his plea. See Robinson v. State, 373 So.2d 898 (Fla. 1979).
We affirm without prejudice the portion of the final judgment assessing Butler, an indigent, $200 pursuant to section 27.3455, Florida Statutes (1985). Although that section provides that an indigent is entitled upon motion to be sentenced to a term of community service in lieu of imposition of costs, Butler has made no such motion, and therefore his appeal on this point is premature. It follows that the clerk's certificate, which denies Butler gain time for failure to pay court costs pursuant to section 27.3455(1), is proper on this record. Additionally, the statute itself, which is rationally related to the legislative purpose of assisting the agencies employed by the state to combat crime, is not constitutionally infirm. State v. Young, 238 So.2d 589 (Fla. 1970).
We reverse that part of the final judgment which assesses court costs and public defender's fees to Butler. These costs were erroneously imposed without affording Butler a prior hearing and opportunity to object. Jenkins v. State, 444 So.2d 947 (Fla. 1984). Our decision is without prejudice to the state to seek these costs, in accordance with the procedures set forth in Jenkins.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DELL, WALDEN and GUNTHER, JJ., concur.