495 So.2d 188 (1986)
Henry Lee JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2166.
District Court of Appeal of Florida, Second District.
July 9, 1986.
On Motion for Rehearing October 3, 1986.
James Marion Moorman, Public Defender and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Theda R. James, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Indigent Henry Lee Johnson appeals an order requiring him to perform sixty hours of community service in lieu of paying a fine of $200.00 in costs after he received a guidelines sentence of five years in the state prison for attempted burglary of a dwelling.
Johnson claims that section 27.3455, Florida Statutes (1985), which authorizes a court to impose such service in lieu of a fine, is unconstitutional in that it violates the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States. Johnson draws our attention to Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) and tells us Williams prohibits incarceration solely because one is indigent. The concept and the program of community service is, however, not one requiring incarceration. It is a means through which the *189 state meets its goals of punishment and deterrence as is permitted under Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed. 221 (1983).
We hold section 27.3455, Florida Statutes (1985), and section 948.031, Florida Statutes (1983), constitutional and, thus, affirm.
Affirmed.
GRIMES, A.C.J., and SANDERLIN, J., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration, appellant's motion for rehearing is denied. Appellant raises the issue that section 27.3455, Florida Statutes (1985), violates ex post facto restrictions of the United States and Florida Constitutions as applied to him. The crime of which he was convicted occurred prior to the effective date of the statute. Ch. 85-213, §§ 2, 3, Laws of Fla. We deny appellant's motion for rehearing because the ex post facto issue was first raised in the motion. Ex post facto issues are generally not fundamental error, therefore must be raised at trial to be properly preserved for appeal. Springfield v. State, 443 So.2d 484, 485 (Fla. 2d DCA 1984). Our denial of appellant's motion for rehearing is without prejudice to appellant seeking relief in the trial court pursuant to Florida Rule of Criminal Procedure 3.850. Id.
GRIMES, A.C.J., and RYDER and SANDERLIN, JJ., concur.