495 So.2d 868 (1986)
Richard Lee BOWMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1816.
District Court of Appeal of Florida, Second District.
October 8, 1986.
James Marion Moorman, Public Defender, and A. Anne Owens, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
The defendant challenges that part of his sentence which imposes court costs of $200 and then requires the defendant to perform community service work in lieu of the court costs because the defendant is indigent.
Section 27.3455, Florida Statutes (1985), became effective July 1, 1985. It permits the imposition of court costs in the amount of $200 and further permits a trial court to sentence a person whom it determines to be indigent to a term of community service in lieu of the costs prescribed in that section.
Although the defendant was sentenced after the effective date of the statute, the crimes for which he was being punished were committed prior to its effective date. The defendant's first issue on appeal is that the application of the statute in sentencing for a crime committed prior to the effective date of the statute violates the ex post facto provisions of the constitutions of the United States and of the State of Florida. The same issue was raised in Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). In that case our sister court agreed with the ex post facto argument, but certified the question as follows:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE v. JACKSON, 478 So.2d 1054 (Fla. 1985)?
We agree with the decision in Yost v. State and reverse that portion of the judgment in this case imposing court costs of $200. We also certify the above question to the Supreme Court of Florida as a question of great public importance.
SCHOONOVER and SANDERLIN, JJ., concur.