497 So.2d 995 (1986)
Clifford WEBBER, Appellant,
v.
STATE of Florida, Appellee.
No. 86-243.
District Court of Appeal of Florida, Fifth District.
November 20, 1986.
James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Div., Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Jim Easley, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
We affirm appellant's conviction on the ground that the evidence sufficiently supports the jury's finding of guilt and no reversible trial error is made to appear.
The imposition of $200 in costs pursuant to section 27.3455, Florida Statutes (1985), violates constitutional ex post facto restrictions because the crimes for which defendant was convicted were committed prior to the effective date of the statute, and thus were illegally imposed. Freeney v. State, 493 So.2d 9 (Fla. 5th DCA 1986); Yost v. State, 489 So.2d 131 *996 (Fla. 5th DCA 1986). We consider this to be the type of sentencing error which may be raised on appeal notwithstanding the defendant's failure to object at sentencing because it results in an illegal sentence. State v. Whitfield, 487 So.2d 1045 (Fla. 1986). Contra, Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986); Johnson v. State, 495 So.2d 188 (Fla. 2d DCA Oct. 3, 1986).
We therefore strike from the sentence the imposition of $200 in costs. Except as to these costs, the sentence is otherwise affirmed. As we did in Yost, we certify to the supreme court the following question of great public importance:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE V. JACKSON, 478 So.2d 1054 (Fla. 1985)?
JUDGMENT AND SENTENCE AFFIRMED; COSTS STRICKEN.
DAUKSCH and COWART, JJ., concur.