SANDERLIN, Judge.
Beckman appeals the trial court’s order which denied his motion to suppress. We affirm. Beckman also questions the trial court’s imposition of sixty hours community service in lieu of court costs. § 27.3455, Fla.Stat. (1985).
By information filed October 16, 1984, Beckman was charged with two counts of burglary. § 810.02, Fla.Stat. (1983). On December 6, 1985, Beckman pleaded nolo contendere and was sentenced under the guidelines. Besides the sentence, the court followed chapter 27 and imposed the community service which Beckman now challenges. Florida Statute section 27.3455 (1985) became effective July 1, 1985. Thus, Beckman argues that the imposition of community service in lieu of court costs is a penalty which did not exist when the alleged crimes were committed and therefore, violates ex post facto provisions. See U.S.Const. art. I, § 10, and Fla.Const. art. I §10. We agree, Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986) and as in Bowman, we certify to the Florida Supreme Court the following question of great public importance:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE v. JACKSON, 478 So.2d 1054 (Fla.1985)?
DANAHY, C.J., and HALL, J., concur.