498 So.2d 1057 (1986)
Quirino MALDONADO, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2013.
District Court of Appeal of Florida, Second District.
December 17, 1986.
James Marion Moorman, Public Defender and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Appellant was charged by information with shooting at, within or into a motor vehicle. He entered a plea of nolo contendere. He was adjudicated guilty and sentenced within the guidelines. Although the court did not pronounce the imposition of costs at the sentencing hearing, the written judgment imposed court costs of $200.00 pursuant to section 27.3455, Florida Statutes (1985), $20.00 pursuant to section 960.20, Florida Statutes (1985), and $2.00 pursuant to section 943.25(4), Florida Statutes (1985).
Appellant's first point on appeal is that section 27.3455, as applied to him violates ex post facto provisions of the United States and Florida Constitutions. The crime of which appellant was convicted occurred on March 18, 1985, and the effective date of the statute was July 1, 1985. The state argues that appellant did not complain of the potential ex post facto claim in the lower court and may not initiate the *1058 argument on appeal. The state's argument is valid on its face, but a review of the record indicates that the trial judge never pronounced the imposition of costs at the sentencing hearing. The first mention of costs in the record is on the written judgment. It is axiomatic that appellant could not object to something that he did not know was being imposed. Therefore, we reach appellant's ex post facto argument.
This court has previously decided this issue. Bowman v. State, 495 So.2d 868 (Fla.2d DCA 1986). We follow the Bowman decision. Accordingly, we vacate that portion of the judgment in this case imposing court costs pursuant to section 27.3455, Florida Statutes (1985). We also certify the question set out in Bowman to the Florida Supreme Court as a question of great public importance.
Appellant's second point on appeal is that the trial court's imposition of costs pursuant to sections 960.20 and 943.25(4), Florida Statutes (1985), did not comport with the procedural safeguards set out in Jenkins v. State, 444 So.2d 947 (Fla. 1984). We agree. Again, as above, the first mention of the imposition of costs pursuant to these sections is contained in the written judgment  nothing was said at the sentencing hearing. Accordingly, we must vacate the imposition of costs pursuant to these sections and remand with instructions that the trial court is to comply with Jenkins before costs pursuant to these sections can be imposed.
Appellant's third point on appeal is that before the trial court can impose costs pursuant to section 27.3455, a determination must be made that the defendant has the present ability to pay. Because we vacated costs pursuant to this section because of an ex post facto violation, we do not reach this point on appeal. However, we note that the statute appears to have sufficient procedural safeguards. But see Lawton v. State, 492 So.2d 404, 407 (Fla. 1st DCA 1986).
Conviction affirmed. Judgment affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL and FRANK, JJ., concur.