499 So.2d 74 (1986)
James BEAHN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2979.
District Court of Appeal of Florida, Second District.
December 30, 1986.
*75 James Marion Moorman, Public Defender, and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
James Beahn appeals that portion of the trial court's order requiring him to pay certain court costs. We agree that the trial court erred in assessing these costs.
The trial court assessed costs against appellant, an indigent, in the amount of $200 pursuant to section 27.3455, Florida Statutes (1985), $20 pursuant to section 960.20, Florida Statutes (1985), and $2 pursuant to section 943.25(8), Florida Statutes (1985). Since appellant was adjudged insolvent but not given adequate notice that these costs would be imposed upon him, we must remand this cause to the trial court to afford appellant the procedural requirements of Jenkins v. State, 444 So.2d 947 (Fla. 1984).
We also find that the imposition of court costs of $200 pursuant to section 27.3455, Florida Statutes (1985) was a violation of constitutional ex post facto restrictions and reverse that portion of appellant's judgment. Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986). We certify the question set out in Bowman to the Florida Supreme Court as a question of great public importance.
RYDER, A.C.J., and SCHOONOVER, J., concur.