PER CURIAM.
The appellant, Barry Albritton, appeals that portion of the final judgment which imposes certain costs against him. After reviewing the briefs and record on appeal, we agree the trial court erred in assessing the costs.
After adjudging the appellant insolvent, the trial court assessed costs against him pursuant to sections 943.25(4), 943.-25(8), and 960.20, Florida Statutes (1983). Since the appellant was adjudged insolvent and was not given either adequate notice of the assessment of these costs or an opportunity to object to the assessment, we hereby strike the costs. Jenkins v. State, 444 So.2d 947 (Fla.1984). This decision is without prejudice to the trial court assessing costs against appellant in accordance with the requirements of Jenkins.
We also find error in the postsen-tencing imposition of $200 additional court costs pursuant to section 27.3455, Florida Statutes (1985). Appellant’s crime of attempted voluntary manslaughter with a weapon was committed on February 7, 1985. Section 27.3455 became effective July 1, 1985. The trial court’s imposition of these costs, therefore, violated constitutional ex post facto restrictions. Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986). Accordingly, we vacate that portion of the judgment imposing court costs pursuant to section 27.3455. We also certify the question set out in Bowman to the Florida Supreme Court as a question of great public importance.
We affirm, however, the judgment and sentence in all other respects.
Affirmed in part, reversed in part.
RYDER, A.C.J., and SCHOONOVER and HALL, JJ., concur.