501 So.2d 181 (1987)
Charles E. BLANTON, Appellant,
v.
STATE of Florida, Appellee.
No. 86-634.
District Court of Appeal of Florida, Second District.
January 28, 1987.
James Marion Moorman, Public Defender, and Joel E. Grigsby, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellee.
SANDERLIN, Judge.
Appellant challenges his judgment and sentences imposed after a jury found him guilty of sexual performance by a child, capital sexual battery, sexual activity with a child, and two counts of sexual battery.
Appellant first argues that the trial court erred in admitting certain testimony, in violation of the "Williams Rule." See Williams v. State, 110 So.2d 654 (Fla. 1959). This point is without merit. Accordingly, we affirm his convictions.
Appellant next claims that the trial court erred in imposing costs pursuant to section 27.3455, Florida Statutes (1985). We agree. Prior to sentencing, appellant had *182 been found insolvent on three occasions for purposes of trial. Following sentencing, appellant was adjudicated insolvent for purposes of appeal, and a public defender was appointed. At sentencing, however, the trial court imposed $200.00 in costs pursuant to section 27.3455, Florida Statutes (1985), without finding that appellant had the ability to pay, despite his presumptive indigence. We hold that it was error to impose these costs without a hearing to determine whether this previously adjudicated indigent appellant had the ability to pay. See Harris v. State, 498 So.2d 1371 (Fla. 1st DCA 1986). It, therefore, follows that the clerk's certificate which denied appellant gain time for failure to pay these costs, entered on the same day the trial court imposed the costs, was improper. But see Butler v. State, 492 So.2d 757 (Fla. 4th DCA 1986) (appeal of order imposing costs pursuant to section 27.3455 was premature where defendant failed to file motion to be sentenced to term of community service in lieu of imposition of costs). Accordingly, we strike the assessment of costs, and remand to the trial court with directions to restore appellant's gain time, and order to the appropriate community service contemplated by section 27.3455. The judgment and sentences are otherwise affirmed.
GRIMES, A.C.J., and CAMPBELL, J., concur.