501 So.2d 698 (1987)
Michael G. SPIVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 86-369.
District Court of Appeal of Florida, Second District.
January 28, 1987.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant pled guilty below to the charge of armed robbery and was sentenced to serve three-and-one-half years in prison and ordered to make restitution in the amount of $13,850 to the victim of the crime. Appellant appeals only the order of restitution. We affirm.
Appellant does not challenge the amount of restitution due the victim of the crime to which he pled guilty. Rather, he challenges the fact that the order made him liable for the full amount of the restitution instead of apportioning the amount between appellant and a codefendant. Appellant also challenges the trial court's failure to consider his ability to pay. The order of restitution was not objected to at the time of sentencing.
Section 775.089, Florida Statutes (1985) controls the imposition of restitution in criminal cases. As this court noted in Gilmore v. State, 479 So.2d 791 (Fla. 2d DCA 1985), the 1984 amendment to section 775.089 *699 considerably changed the method of ordering restitution. Prior to that amendment, an order of restitution was discretionary; after the amendment, it became mandatory unless the court, in not requiring restitution or in requiring partial restitution, stated its reasons on the record.
As this court held in Gilmore, the 1984 amendment to the statute provides notice to every defendant that restitution shall be imposed, and no further advance notice to the defendant is necessary. Prior to the 1984 amendment, section 775.089(1), Florida Statutes (1983) provided that the court might order restitution by a defendant "if the defendant is able or will be able to make restitution." Section 775.089(6), Florida Statutes (1985) now provides that the court, in ordering restitution, shall consider the financial resources of the defendant and the financial needs and earning ability of the defendant and his dependents. However, section 775.089(7), Florida Statutes (1985) specifically provides that "[T]he burden of demonstrating the financial resources of the defendant and his dependents is on the defendant." The failure of appellant to object in the court below to the order of restitution or to attempt to reduce the amount of restitution by citing his financial circumstances, did not meet the burden the statute places upon him.
Appellant, relying on Turner v. State, 431 So.2d 1017 (Fla. 4th DCA 1983), also argues that the total amount of restitution due the victim of the crime should have been apportioned between appellant and the coperpetrator of the armed robbery. Neither the present version of section 775.089 or its predecessor imposes any requirement upon the trial court to apportion restitution among codefendants equally guilty of the crime which resulted in the loss to the victim. On the contrary, section 775.089(1), Florida Statutes (1985) requires the court to order restitution for "damage or loss caused directly or indirectly by the defendant's offense." The court in imposing restitution certainly could, if it stated reasons on the record, apportion restitution among codefendants if the factual circumstances of the crime and the resulting damage or loss to the victim justified such apportionment. The facts in this case do not justify such apportionment.
It is clear from the language of the current statute that an order of restitution is to be treated in the same way as a judgment in a civil action, and is enforceable by either the state or the victim. § 775.089(5)(10), Fla. Stat. (1985). A victim would not be entitled to collect the full amount of restitution from each of two (or more) codefendants ordered to pay full restitution. Remedies involving apportionment of liability between any of the parties involved, including victims and defendants, would be the same as between judgment holders and cojudgment debtors.
We cannot discern from a reading of the brief opinion in Turner whether we are in conflict or not. Turner, being based on section 775.089, Florida Statutes (1981), appears to turn on the failure of the appellant there to have notice and an opportunity to be heard on the restitution issue. Turner, 431 So.2d at 1017. The Turner court does state that the "State did not show what portion of the victim's damages arose from appellant's acts, rather than those of his codefendants," citing as authority for that statement Fresneda v. State, 347 So.2d 1021 (Fla. 1977). We do not believe Fresneda is authority for the broad statement for which it is cited. We also believe that the statement in Turner is dicta, but, because Turner does not state the factual circumstances out of which it arises, we cannot be certain. To the extent that the Turner statement is to be construed as literally as it appears, we are in conflict.
Affirmed.
GRIMES, A.C.J., and SCHEB, J., concur.