HALL, Judge.
Albritton and Hall appeal from their convictions for sexual battery and from the assessment of certain costs against them. We affirm appellants’ convictions but reverse the portions of their final judgments which impose costs.
The crimes for which appellants were convicted occurred on February 5, 1985. Appellants argue that the court violated the ex post facto provisions of the United States and Florida Constitutions when it imposed court costs pursuant to section 27.3455, Florida Statutes, since that statute did not become effective until July I, 1985, four months after the date of the offenses. We agree and follow our previous decision in Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986) [11 F.L.W. 2173]. Accordingly, we vacate the portions of the final judgments imposing costs. We also certify the question set out in Bowman to the Florida Supreme Court as a question of great public importance.
Appellants’ second contention that the trial court improperly ordered them to pay court costs after adjudging them insolvent also has merit. Before costs may be imposed upon an indigent defendant, a judicial determination must be made that the defendant has the ability to pay. He must also receive adequate notice and the opportunity to object to the imposition of such costs. Jenkins v. State, 444 So.2d 947 (Fla.1984).
Conviction affirmed; judgment affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL, A.C.J., and SANDERLIN, J., concur.