HALL, Judge.
Steve Yablonski appeals that part of his sentence ordering him to perform sixty hours of community service in lieu of paying court costs of $200 pursuant to section 27.3455, Florida Statutes (1985), because he is indigent. Yablonski argues that as applied to him section 27.3455 violates the ex post facto provisions of the United States and Florida Constitutions because the crime for which he was convicted was committed before the effective date of the stat *1286 ute. We agree, and we again follow Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986), and reverse that part of Yablonski’s sentence requiring him to perform sixty hours of community service in lieu of paying court costs of $200 pursuant to section 27.3455. We again certify the question set out in Bowman to the Florida Supreme Court as a question of great public importance.
Yablonski also argues that section 27.3455 is unconstitutional as applied to any defendant because it violates the equal protection provisions of the constitutions of the United States and the state of Florida. We have previously rejected this argument. Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986). Community service is not a form of incarceration and therefore does not violate the prohibition against incarceration solely on the basis of indigency. Id.
Reversed and remanded with directions consistent with this opinion.
SCHEB, A.C.J., concurs.
RYDER, J., concurs specially.