502 So.2d 1366 (1987)
John Everett PETTWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2408.
District Court of Appeal of Florida, Second District.
February 27, 1987.
James Marion Moorman, Public Defender, and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
The defendant challenges in three respects the judgment and sentence entered against him upon his conviction of petit theft. First, he claims that the trial judge erred in imposing costs against him under section 27.3455, Florida Statutes (1985); second, he asserts that the trial judge erred in the manner in which he imposed restitution; and, third, he objects to the fact that the judgment form does not reflect the type and degree of crime for which he was convicted. We find merit in each of these claims.
As to the imposition of costs under section 27.3455, the defendant points out that the trial judge did not afford him notice and hearing before assessing costs under section 27.3455, which he claims is required by the decision of the Supreme *1367 Court of Florida in Jenkins v. State, 444 So.2d 947 (Fla. 1984). This court has recently so held. Beahn v. State, 499 So.2d 74 (Fla. 2d DCA 1986). Accordingly, we must remand this cause to the trial judge to afford the defendant the procedural requirements of Jenkins v. State. We note that section 27.3455 has been amended effective October 1, 1986. Ch. 86-154, § 1, Laws of Fla.
With regard to restitution, we find that the trial judge failed to follow the requirements of section 775.089(6), Florida Statutes (1985). That subsection requires that the trial judge, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and his dependents, and such other factors which he deems appropriate. We point out that section 775.089(3), Florida Statutes (1985), permits the trial judge to require that the defendant make restitution in specified installments or within a specified period, so long as the last installment or the end of the period is not later than five years after the end of the term of imprisonment imposed, where the trial judge does not order probation. In this case, the judgment recites merely that "the Defendant is to make restitution." Thus the defendant had no opportunity to object to the amount or terms of payment of the restitution ordered.
Accordingly, on remand the trial judge is directed to hold a hearing, with notice to the defendant, for the determination of the matters required by section 775.089(6), Florida Statutes (1985). We point out that our holding in this respect does not diminish in any way our prior holding that no advance notice (other than that provided by the statute) is necessary for the imposition of restitution and that a defendant has the burden of objecting in the trial court to the amount of restitution and of demonstrating his financial circumstances. § 775.089(7); Spivey v. State, 501 So.2d 698 (Fla. 2d DCA 1987).
On the last issue, the defendant points out that he was charged with petit theft in an information which included allegations that he had been convicted of two prior petit thefts. However, the trial judge ruled that the state failed to prove the prior convictions for petit thefts. As a result, the defendant's conviction constituted a second degree misdemeanor instead of a third degree felony. The judgment, however, does not specify the type and degree of crime for which the defendant was convicted. Accordingly, on remand the judgment should be corrected to reflect that the defendant was convicted of petit theft, a second degree misdemeanor.
Reversed and remanded for further proceedings consistent with this opinion.
SANDERLIN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.