PER CURIAM.
Defendant appeals the trial court’s imposition of costs pursuant to section 27.3455, Florida Statutes (1985).
Defendant’s first point is the argument that the application of section 27.3455 violated the ex post facto provisions of the United States and Florida Constitutions. However, it appears that defendant did not raise this point in the trial court and therefore failed to preserve it for appeal. See Parker v. State; 500 So.2d 721 (Fla. 2d DCA 1987); Treadway v. State, 500 So.2d 308 (Fla. 2d DCA 1986); Maldonado v. State, 498 So.2d 1057 (Fla. 2d DCA 1986); Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986); contra Webber v. State, 497 So.2d 995 (Fla. 5th DCA 1986).
Defendant’s second and third points are the arguments that there was no determination as to his ability to pay and no notice of the assessment of the costs so as to afford him the opportunity to object. The state concedes these points but, citing Jenkins v. State, 444 So.2d 947 (Fla.1984), contends that the state should have the opportunity to seek, with notice to defendant, a determination of defendant’s ability to pay in order that the costs may properly be imposed. We agree with the state.
We reverse the imposition of costs and remand in order that the state may have the opportunity to properly proceed against defendant in accordance with Jenkins. See Blanton v. State, 501 So.2d 181 (Fla. 2d DCA 1987); Beahn v. State, 499 So.2d 74 (Fla. 2d DCA 1986). Defendant’s entitlement to gain time, which was denied for defendant’s failure to pay costs following that imposition of costs, is restored.
DANAHY, C.J., LEHAN, J„ and BOARDMAN, EDWARD F., (Ret.) J., concur.