PER CURIAM.
The appellant, Coral Mattos, appeals that portion of an order placing her on probation which imposes certain costs against her. After reviewing the briefs and record on appeal, we agree the trial court erred in assessing these costs.
After adjudging the appellant insolvent, the trial court assessed costs against her pursuant to section 960.20, Florida Statutes (1981). Since the appellant was adjudged insolvent but was not given adequate notice of the assessment, we hereby strike those costs. Jenkins v. State, 444 So.2d 947 (Fla.1984). This decision is without prejudice to the trial court assessing those costs against the appellant in accordance with the requirements of Jenkins.
We also find error in the imposition of $200 additional court costs pursuant to section 27.3455, Florida Statutes (1985). The information charged that the appellant’s crime of welfare fraud, a violation of section 409.325, Florida Statutes (1981), occurred between February 3,1982, and April 30, 1982. Section 27.3455 became effective July 1, 1985. We, therefore, hold that the trial court’s imposition of court costs pursuant to this section violated constitutional ex post facto restrictions. See U.S. Const. art. I, § 9, cl. 3 and § 10, cl. 1; Fla. Const. art. I, § 10; Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986); see also, Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986).
We, accordingly, strike that portion of the order imposing $200 court costs against the appellant pursuant to section 27.3455 and certify the same question to the supreme court that we certified in Bowman.
We find no merit in the appellant’s other contentions and, therefore, affirm the trial court in all other respects.
Affirmed in part and reversed in part.
SCHOONOVER and SANDERLIN, JJ., concur.
RYDER, A.C.J., concurs specially with opinion.