PER CURIAM.
This case involves an appeal of the order of restitution and assessment of costs against appellant.
Appellant entered a plea of no contest to a charge of grand theft. Adjudication was withheld and appellant received two years’ probation. In addition, the trial court ordered appellant to pay $2,000.00 restitution to Northeast Insurance Company and assessed $200.00 costs pursuant to section 27.3455, Florida Statutes (1985), and $20.00 costs pursuant to section 960.20, Florida Statutes (1985).
There are several points before us on appeal.
First, appellant correctly asserts that the section 27.3455 imposition of costs against him is an ex post facto violation of the Constitution of the United States and Constitution of the State of Florida because he committed the crime on April 11, 1984, prior to the effective date of the statute. Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986); Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). After a review of the colloquy it appears that appellant raised a timely ex post facto objection below. Therefore, on the authority of Bowman, we strike the $200.00 costs pursuant to section 27.3455 and recertify to the supreme court the question certified in Bowman.
Since we strike the assessment of costs under section 27.3455, we need not address appellant’s remaining two challenges to that section as applied to him.
Appellant next contends that it was error for the court to order him to make restitution to the insurance company because the insurance company is not a “victim” as defined in section 775.089, Florida Statutes (1985). We disagree. This court has recently held in Amison v. State, 504 So.2d 473 (Fla. 2d DCA 1987), that the insurance company is subrogated to the rights of the victim. Thus, the court’s order was correct in this respect.
Appellant also argues that the court erred in ordering him to make restitution without prior determination of his ability to pay. Since appellant failed to object to the amount of restitution below, we affirm the order of restitution. See Pettway v. State, 502 So.2d 1366 (Fla. 2d DCA 1987); Spivey v. State, 501 So.2d 698 (Fla. 2d DCA 1987).
Lastly, appellant correctly urges that the trial court erred in assessing costs pursuant to section 962.20, Florida Statutes (1985), without prior notice. Jenkins v. State, 444 So.2d 947 (Fla.1984). Accordingly, we strike the $20.00 costs imposed under that statute without prejudice to the state seeking costs after proper notice and discovery hearing.
We reverse the assessment of costs pursuant to sections 27.3455 and 960.20 and remand for proceedings consistent with this opinion. We affirm the order of restitution.
DANAHY, C.J., LEHAN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.