PER CURIAM.
Defendant appeals from his conviction and sentencing for manslaughter. We affirm the conviction but reverse and remand for resentencing.
Defendant contends that the trial court erred in denying his motion to suppress his confession because he had invoked his right to remain silent. We disagree. After invoking his right to remain silent defendant initiated further conversation with the police which led to the confession. See Smith v. Illinois, 469 U.S. 91, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984); Valle v. State, 474 So.2d 796, 799 (Fla.1985). Nor do we conclude that the confession was improperly induced or coerced, as defendant also argues, simply because a detective, while with defendant en route to jail, asked defendant if he wanted to stop *1106 at the police station to make a statement before going to jail.
Defendant also contends that the trial court erred in exceeding the recommended sentencing guidelines range. We conclude that one of the trial court’s reasons was invalid but that the other two reasons were valid. The reasons were as follows:
(1) “The sentence is grossly inappropriate punishment for the defendant’s unjustified taking of another human life.” This reason is not valid. See Williams v. State, 492 So.2d 1308 (Fla.1986); McNealy v. State, 502 So.2d 54 (Fla. 2d DCA 1987).
(2) “The homicide was extremely violent and committed without pity.” The judge noted that defendant “pumped not less than eight bullets into the body of victim.” This may be a valid reason for departure. See Allen v. State, 502 So.2d 950 (Fla. 2d DCA 1987) (referring to “facts rendering the crime a highly extraordinary and extreme incident of manslaughter”); Vanover v. State, 498 So.2d 899 (Fla.1986).
(8) The defendant “with calculation ... secured the residence of the victim thereby preventing the discovery of the victim’s body ... [leaving] the body ... to rot_” Committing a crime with calculation, where premeditation is not an element of the crime, may be a valid reason for departure. See Casteel v. State, 498 So.2d 1249 (Fla.1986). While in this manslaughter case the calculation referred to by the trial court concerned covering up the crime after it was committed, we do not conclude that there was any less basis for a departure in this case.
Having found one of the reasons for departure to be invalid, the state must show beyond a reasonable doubt that the absence of that invalid reason would not have affected the departure sentence. Al-britton v. State, 476 So.2d 158 (Fla.1985). We find that the reasonable doubt standard has been met and therefore affirm the sentence.
Defendant further contends that the imposition of costs pursuant to section 27.-3455, Florida Statutes (1985), violates the ex post facto provisions of the United States and Florida Constitutions. However, it appears that defendant did not raise this point in the trial court and therefore failed to preserve it for appeal. See Parker v. State, 500 So.2d 721 (Fla. 2d DCA 1987); Treadway v. State, 500 So.2d 308 (Fla. 2d DCA 1986); Maldonado v. State, 498 So.2d 1057 (Fla. 2d DCA 1986); Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986); contra Webber v. State, 497 So.2d 995 (Fla. 5th DCA 1986).
Defendant additionally contends that there was error because there was no determination as to his ability to pay, and no notice of the assessment of, the section 27.3455 costs. We agree. See Jenkins v. State, 444 So.2d 947 (Fla.1984). We reverse the imposition of costs and remand in order that the state may have the opportunity to properly proceed against defendant in accordance with Jenkins. See Blanton v. State, 501 So.2d 181 (Fla. 2d DCA 1987); Beahn v. State, 499 So.2d 74 (Fla. 2d DCA 1986). Any failure to pay costs has not-disentitled defendant to gain time. See Atkins v. State, 506 So.2d 10 (Fla. 2d DCA 1987).
The conviction is affirmed. The cause is remanded for the state to have the opportunity to proceed against defendant for costs.
SCHEB, A.C.J., and RYDER and LEHAN, JJ., concur.