504 So.2d 794 (1987)
James BOSTIC, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2971.
District Court of Appeal of Florida, Second District.
April 1, 1987.
James Marion Moorman, Public Defender and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Theda R. James, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, EDWARD F.
Appellant appeals the court costs assessed against him and the order of restitution resulting from his plea of no contest to the charge of grand theft.
Appellant was charged with grand theft on May 31, 1985, in violation of section 812.014(1), Florida Statutes (1985). He entered a plea of no contest and was placed on probation in accordance with the guidelines recommendation. The conditions of probation require appellant to make restitution in an amount to be determined by his probation officer and to pay $220 court costs. Appellant raises several points on appeal.
Appellant first asserts that the trial court's imposition of $200 court costs pursuant to section 27.3455, Florida Statutes (1985), is an ex post facto violation of the United States and State of Florida Constitutions because the offense was committed on May 31, 1985, prior to the effective date of section 27.3455. Since appellant failed to raise this objection in the trial court, we decline to rule on this issue now. However, our holding does not preclude appellant from raising this challenge pursuant to Florida Rule of Criminal Procedure 3.850. Parker v. State, 500 So.2d 721 (Fla. 2d DCA 1987); Treadway v. State, 500 So.2d 308 (Fla. 2d DCA 1986); contra Webber v. State, 497 So.2d 995 (Fla. 5th DCA 1986).
Secondly, appellant alleges error in the court's assessing $200 costs against him pursuant to section 27.3455, without prior notice and without first determining appellant had the present ability to pay. The state concedes that the court erred in this respect. Atkins v. State, 506 So.2d 10 (Fla. 2d DCA 1987); Skinner v. State, 498 So.2d 618 (Fla. 1st DCA 1986). Therefore, we reverse and strike the costs without prejudice to the state filing a proper motion.
Appellant next argues that the trial court erred in imposing restitution as a condition of his probation without determining that appellant had the ability to pay and in delegating the determination of the amount of restitution to appellant's probation officer. Appellant's negotiated plea was expressly conditioned upon an agreement by appellant to pay restitution to the victim. *795 The state contends that because the negotiated plea was conditioned upon an agreement to pay restitution, the trial court did not err in imposing restitution as a condition of appellant's probation.
Section 775.089(6), Florida Statutes (1985) requires that the court in determining whether to order restitution and the amount to be assessed, consider the factors enumerated therein. However, appellant did not object below to the court's order of restitution. Thus, appellant failed to preserve for appeal the trial court's failure to make this determination. See Pettway v. State, 502 So.2d 1366 (Fla. 2d DCA 1987); Spivey v. State, 501 So.2d 698 (Fla. 2d DCA 1987).
Nevertheless, we must agree with appellant's contention that the trial court erred in delegating the determination of the amount of restitution to appellant's probation officer. Mansell v. State, 498 So.2d 604 (Fla. 2d DCA 1986); Denson v. State, 493 So.2d 60 (Fla. 2d DCA 1986); McDonald v. State, 478 So.2d 113 (Fla. 2d DCA 1985). Accordingly, we reverse the order of restitution and remand for a proper restitution hearing with instructions to the court to set a reasonable amount.
Finally, appellant correctly argues that the trial court erred in assessing $20 court costs pursuant to section 960.20, Florida Statutes (1985), without prior notice. Jenkins v. State, 444 So.2d 947 (Fla. 1984); Treadway. We reverse and strike the costs without prejudice to the state filing a proper motion.
Reversed and remanded for proceedings consistent with this opinion. The judgment and sentence are otherwise affirmed.
FRANK, A.C.J., and SANDERLIN, J., concur.