506 So.2d 45 (1987)
Ramon SESCON, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1842.
District Court of Appeal of Florida, Second District.
April 22, 1987.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The state charged defendant with lewd and lascivious assault on a child under the age of fourteen years and failure to appear. Defendant pled no contest to the assault charge and guilty to the failure to appear charge. He was adjudicated guilty and sentenced within the guidelines. On appeal we find merit only to his contention that the trial court improperly imposed court costs.
The court did not pronounce the imposition of any costs at the sentencing hearing. Nevertheless, the court's written judgment imposed court costs of $400 pursuant to section 27.3455, Florida Statutes (1985); $40 pursuant to section 960.20, Florida Statutes (1985); $5 pursuant to section 943.25(4), Florida Statutes (1985); and $4 pursuant to section 943.25(8), Florida Statutes (1985). Since the court made no mention of costs during the hearing but later imposed them in its written judgment, we find that the trial court erred by not comporting with the procedural safeguards in Jenkins v. State, 444 So.2d 947 (Fla. 1984). See Arnold v. State, 505 So.2d 1104 (Fla. 2d DCA 1987).
We also find merit to the defendant's argument that the imposition of costs pursuant to section 27.3455 violated the expost facto provisions of the United States and Florida Constitutions. The state argues that the defendant failed to preserve this issue for appeal because it was not raised before the trial court. However, since the first mention of costs in the record is in the written judgment, it is axiomatic that the defendant could not object to something he did not know was being imposed. Therefore, we reach the defendant's ex post facto argument on section 27.3455 costs.
*46 This court has previously decided this issue. See Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986); Maldonado v. State, 498 So.2d 1057 (Fla. 2d DCA 1986). Accordingly, we vacate that portion of the judgment in this case imposing court costs pursuant to section 27.3455, Florida Statutes (1985). We also certify the question set out in Bowman to the Florida Supreme Court as a question of great public importance. As to the other costs imposed, we reverse without prejudice to the state to seek the imposition of these costs against the defendant in accordance with Jenkins.
SCHOONOVER and HALL, JJ., concur.