507 So.2d 1171 (1987)
John WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2018.
District Court of Appeal of Florida, Second District.
May 29, 1987.
James Marion Moorman, Public Defender, and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
SANDERLIN, Judge.
Appellant challenges the orders placing him on probation following his plea of nolo contendere to the charges of burglary and petit theft. For the reasons stated below, we affirm in part and reverse in part.
First, appellant claims that the trial court erred in imposing court costs of $200 under section 27.3455, Florida Statutes (1985). Appellant had previously been adjudicated indigent for purposes of trial. Appellant's offenses were committed on March 13, 1985. However, section 27.3455 became effective on July 1, 1985. On appeal, appellant argues that because this statute imposes an additional burden upon him which did not exist before its enactment, retroactive application violates the ex post facto provisions of the United States and Florida Constitutions as applied to him. Appellant failed to raise this objection in the trial court; therefore, he has waived the right to assert his ex post facto argument on appeal. Our holding is without prejudice to the appellant to seek relief pursuant to Florida Rule of Criminal Procedure 3.850. Parker v. State, 500 So.2d 721 (Fla. 2d DCA 1987); Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986). Accordingly, we affirm on this point. See, however, State v. Yost, 507 So.2d 1099 (Fla. 1987).
*1172 Second, appellant correctly points out that the trial court did not afford him notice or a hearing before assessing costs under section 960.20, Florida Statutes (1985), as required by Jenkins v. State, 444 So.2d 947 (Fla. 1984). Accordingly, we strike these costs and remand to the trial court to afford appellant the procedural requirements of Jenkins.
Third, appellant correctly argues that since he was represented by the elected public defender's office in a non-capital case, attorney's fees should be assessed against him under section 27.56, Florida Statutes (1985), rather than under section 925.036, Florida Statutes (1985). Accordingly, on remand the trial court should correct the order to reflect that attorney's fees should be assessed against appellant in accordance with section 27.56.
Fourth, appellant argues that the trial court erred in imposing restitution as a condition of his probation without regard to his ability to pay, as required by section 775.089(6), Florida Statutes (1985). However, appellant failed to object in the trial court to the imposition of restitution. This court has previously held that where an appellant fails to object to the trial court's imposition of restitution, this point is not preserved for appeal. Bostic v. State, 504 So.2d 794 (Fla. 2d DCA 1987). However, appellant correctly argues that the trial court erred in delegating the determination of the amount of restitution to appellant's probation officer. Bostic. Accordingly, we remand for a judicial determination of the amount of restitution owed.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
DANAHY, C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.