508 So.2d 533 (1987)
Emmet Richard GEMME, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1211.
District Court of Appeal of Florida, Second District.
June 12, 1987.
James Marion Moorman, Public Defender, and W.H. Pasch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from his sentence for failure to redeliver a hired vehicle. We remand for correction of the sentence but otherwise affirm.
Defendant first contends that the trial court erred in adding points on the guidelines scoresheet for legal constraint. His argument apparently is that although he had been named in an outstanding New York warrant, New York had not extradited him and the warrant was active only in New York. We disagree with his contention. Rule 3.701(d)(6), Florida Rules of Criminal Procedure, defines "Legal status at time of offense," which calls for additional scoresheet points, as including "fugitives who have ... failed to appear for a criminal judicial proceeding... ." We conclude that the New York warrant to which defendant admittedly was subject caused defendant to come within that rule which draws no distinction between criminal judicial proceedings within and without this state.
Defendant next contends that the trial court erred in imposing restitution. However, defendant did not object to restitution and, therefore, failed to preserve that issue for appeal. See Williams v. State, 507 So.2d 1171 (Fla. 2d DCA 1987); Bostic v. State, 504 So.2d 794 (Fla.2d DCA 1987); Hussey v. State, 504 So.2d 796 (Fla. 2d DCA 1987); Pettway v. State, 502 So.2d 1366 (Fla. 2d DCA 1987); Spivey v. State, 501 So.2d 698 (Fla. 2d DCA 1987).
Defendant next contends that the trial court erred in imposing a fine. We disagree. A fine was permitted under section 775.083(1)(c), Florida Statutes (1985). The error in specifying defendant's fine in the judgment, rather than in the sentence, should be corrected on remand by the trial *534 judge, and we so direct. Defendant need not be present for this purpose.
This case is otherwise affirmed.
DANAHY, C.J., and RYDER, J., concur.