FRANK, Judge.
Cheryl Shipley was convicted for the commission of crimes occurring in 1982 and 1985. She claims the trial court committed two errors at the sentencing stage. First, she disputes the trial court’s delegation to a probation officer of the, duty to determine the appropriate amount of resti *1136 tution. The trial court erred; we remand for the conduct of a hearing to permit the trial court an opportunity to fulfill its obligation to determine the amount to be resti-tuted. Williams v. State, 507 So.2d 1171 (Fla. 2d DCA 1987); Bostic v. State, 504 So.2d 794 (Fla. 2d DCA 1987).
Second, Shipley asserts the trial court erred in the manner in which it treated posirconvietion costs. The trial court assessed costs pursuant to sections 960.20 and 943.25(4), Florida Statutes (1985). The record, however, does not disclose that Shipley was given notice that costs would be imposed prior to the sentencing hearing. Nor did the trial court mention such costs at the sentencing hearing. Therefore, their imposition was improper. Sescon v. State, 506 So.2d 45 (Fla. 2d DCA 1987); Jenkins v. State, 444 So.2d 947 (Fla.1984). We find no indication that the affidavit of insolvency executed by Shipley included a waiver of the notice. Cf. Dailey v. State, 501 So.2d 15 (Fla. 2d DCA 1986). The costs are stricken without prejudice to the state to seek their reassessment upon notice and hearing. Odom v. State, 507 So.2d 174 (Fla. 2d DCA 1987).
In contrast to the costs assessed against Shipley pursuant to sections 960.20 and 943.25(4), the trial court declared Ship-ley indigent and ordered her to perform 80 hours of community service in lieu of costs, an alternative that was permitted by section 27.3455, Florida Statutes (1985).[1] Shipley contends, in spite of the absence of a contemporaneous objection, that community service was wrongfully imposed because she did not have notice of that consequence. Absent an objection, a challenge to community service is foreclosed on appeal. Henriquez v. State, 513 So.2d 1285 (Fla. 2d DCA 1987). Cf. Sescon. We note our conflict with Outar v. State, 508 So.2d 1311 (Fla. 4th DCA 1987), and Harris v. State, 498 So.2d 1371 (Fla. 1st DCA 1986). We affirm that aspect of the trial court’s order.
We remand for proceedings consistent with this opinion.
CAMPBELL, A.C.J., and LEHAN, J., concur.

. The statute has been amended to delete the provision allowing community service to be imposed in lieu of costs. § 27.3455, Fla.Stat. (Supp.1986).