RYDER, Judge.
Appellant appeals his conviction of first degree murder. He also appeals the imposition of costs pursuant to sections 960.20, 943.25(8), 943.25(4) and 27.3455, Florida Statutes (1985). After careful consideration of the record, the briefs of the parties and the applicable statutory and case law, we hold that the points raised by appellant as to his conviction are without merit. Accordingly, we affirm his conviction and sentence.
As to the imposition of costs, the record does not contain an oral pronouncement by the trial court that costs were to be imposed. Appellant, therefore, was not given notice and an opportunity to be heard. Jenkins v. State, 444 So.2d 947 (Fla.1984). We strike the imposition of costs pursuant to sections 960.20, 943.25(8) and 943.25(4), without prejudice to the state to seek imposition of costs in compliance with the procedural safeguards of Jenkins.
The state argues that appellant has waived an ex post facto argument as to section 27.3455 because he did not object to imposition of costs under that section. However, as stated above, appellant was not given an opportunity to object because costs were not assessed at the sentencing hearing. Therefore, the ex post facto argument is not waived. Sescon v. State, 506 So.2d 45 (Fla. 2d DCA 1987). We strike the costs imposed under section 27.-3455 because the crime occurred prior to the effective date of that section. State v. Yost, 507 So.2d 1099 (Fla.1987). We remand for correction of the judgment consistent with this opinion.
Affirmed in part; reversed in part and remanded with instructions.
SCHEB, A.C.J., and FRANK, J., concur.