PER CURIAM.
Appellant seeks reversal of the trial court’s order requiring him to pay restitution. However, he did not object to the trial court’s order of restitution at the sentencing hearing. We affirm on the authority of Spivey v. State, 501 So.2d 698 (Fla. 2d DCA 1987). The court in Spivey held:
Prior to the 1984 amendment, section 775.089(1), Florida Statutes (1983) provided that the court might order restitution by a defendant “if the defendant is able or will be able to make restitution.” Section 775.089(6), Florida Statutes (1985) now provides that the court, in ordering restitution, shall consider the financial resources of the defendant and the financial needs and earning ability of the defendant and his dependents. However, *334 section 775.089(7), Florida Statutes (1985) specifically provides that “[T]he burden of demonstrating the financial resources of the defendant and his dependents is on the defendant.” The failure of appellant to object in the court below to the order of restitution or to attempt to reduce the amount of restitution by citing his financial circumstances, did not meet the burden the statute places upon him.
Id. at 699.
AFFIRMED.
ANSTEAD, DELL and STONE, JJ., concur.