PER CURIAM.
The appellant challenges costs and attorney’s fees totaling $2,580 assessed against him in eight written judgments of guilt. He argues that these items were improperly imposed because the trial judge did not mention the imposition of costs and attorney’s fees at the sentencing hearing, so that the appellant did not have an opportunity to object.
The state concedes that this case is controlled by our decision in Sescon v. State, 506 So.2d 45 (Fla. 2d DCA 1987), involving a similar situation. In Sescon, we reversed on a holding that the trial judge erred in making no mention of imposition of costs during the sentencing hearing, and later imposing them in a written judgment, without comporting with the procedural requirements in Jenkins v. State, 444 So.2d 947 (Fla.1984).
Accordingly, we reverse the costs and attorney’s fees imposed against the appellant. Our reversal is without prejudice to the state’s seeking to reimpose these costs and fees against the appellant in accordance with Jenkins.
Reversed.
RYDER, A.C.J., and DANAHY and FRANK, JJ., concur.