531 So.2d 965 (1988)
Michael G. SPIVEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 70166.
Supreme Court of Florida.
October 6, 1988.
James Marion Moorman, Public Defender and Brad Permar, Asst. Public Defender, Tenth Judicial Circuit, Clearwater, for petitioner.
Robert A. Butterworth, Atty. Gen., and Robert J. Landry and David R. Gemmer, Asst. Attys. Gen., Tampa, for respondent.
EHRLICH, Chief Justice.
We have for review Spivey v. State, 501 So.2d 698 (Fla. 2d DCA 1987), because of conflict with Turner v. State, 431 So.2d 1017 (Fla. 4th DCA), cause dismissed, 436 So.2d 101 (Fla. 1983). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and approve the decision below.
Petitioner Spivey pled guilty to the charge of armed robbery. § 812.13(2)(a), Fla. Stat. (1985). It was stipulated that Spivey and an accomplice robbed the accomplice's *966 aunt while they were living at her house. Spivey and his accomplice fled to another state. Spivey was apprehended, returned to Florida, and prosecuted. The accomplice was later apprehended, but was not a part of any proceedings against Spivey. Spivey was sentenced to serve three-and-one-half years in prison and ordered to make restitution in the amount of $13,850 to the victim of the crime. Spivey appealed only the order of restitution to the Second District Court of Appeal, which affirmed.
Spivey argues that the trial court erred in assessing him the full amount of restitution without regard to his accomplice's culpability or his own ability to pay. He seeks remand to the trial court for the purpose of apportioning. Petitioner cites Fresneda v. State, 347 So.2d 1021, 1022 (Fla. 1977), wherein this Court held "that a condition of probation requiring a probationer to pay money to, and for the benefit of, the victim of his crime cannot require payment in excess of the amount of damage the criminal conduct caused the victim." In Fresneda, a Volkswagen collided with a Cadillac, and Fresneda's car struck the Volkswagen. Fresneda drove away. He was subsequently charged with leaving the scene of an accident involving injury to another person, and was ordered to pay restitution to the occupants of the Volkswagen for injuries caused by the initial collision, not by defendant's conduct in leaving the scene. This Court found that defendant could not be required to pay restitution for those injuries because they were not caused by his criminal offense.
In Turner v. State, the Fourth District Court of Appeal, citing Fresneda, vacated an order imposing restitution, because the defendant was required to pay "the full amount of the victim's claimed damages, despite the fact that four defendants perpetrated the crimes. The State did not show what portion of the victim's damages arose from appellant's acts, rather than those of his codefendants." 431 So.2d at 1017-18. The Second District Court in affirming the order of restitution in this case acknowledged possible conflict with Turner, but stated: "We do not believe Fresneda is authority for the broad statement for which it is cited [in Turner]." Spivey, 501 So.2d at 699.
The state argues that it is within the discretion of the trial court to require a defendant to pay the full amount of restitution without assessing an accomplice for his pro rata share. The state contends that Fresneda stands for the proposition that a defendant may not be required to pay restitution for damages that were not caused by the criminal offense of which he was convicted; and it is an entirely different proposition to say that where the defendant acted in concert with one or more persons in committing the offense, restitution for damages caused by that offense must be apportioned among them according to the culpability of each. We agree with the state.
The statutory provisions requiring the imposition of restitution recognize the discretion of the trial court in determining the amount of restitution. Section 775.089(1)(a), Florida Statutes (1985), states in pertinent part: "In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds reasons not to order such restitution." (Emphasis added). Clearly the statute contemplates that a defendant may be required to pay restitution for damages caused by defendant's offense but for which he is not solely responsible. Further, section 775.089(6), Florida Statutes (1985), reinforces the discretion of the trial court in ordering restitution:
The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.[1]
(Emphasis added).
The First District Court of Appeal, in two cases consistent with the lower court *967 opinion in this case, has also recognized that it is within the discretion of the trial court to apportion restitution or to require that one defendant pay the full amount of restitution without assessing an accomplice. In Pollreisz v. State, 406 So.2d 1297 (Fla. 1st DCA 1981), one codefendant was placed on probation and required to pay full restitution, while the other codefendant was sentenced to a prison term but not required to pay restitution. The court held that "where criminal activity is undertaken in concert with others, the method of prorating any required restitution is a matter within the discretion of the trial judge. We find no abuse of discretion in the circumstances of the present case." Id. at 1298 (citation omitted). See also Woods v. State, 418 So.2d 401 (Fla. 1st DCA 1982) (citing and quoting Pollreisz).
Unlike civil damages, restitution is a criminal sanction. The purpose of restitution is not only to compensate the victim, but also to serve the rehabilitative, deterrent, and retributive goals of the criminal justice system. See Note, Victim Restitution in the Criminal Process: A Procedural Analysis, 97 Harv.L.Rev. 931 (1984). The trial court is best able to determine how imposing restitution may best serve those goals in each case.
We hold that where a defendant commits a criminal offense in concert with others, it is within the discretion of the trial court to require that defendant to pay the full amount of restitution, or to apportion restitution in any appropriate manner. In the present case, it was not an abuse of that discretion to require Spivey to pay the full amount of restitution.[2]
Accordingly, we approve the decision of the district court below, and disapprove Turner to the extent it is inconsistent with this opinion.
It is so ordered.
OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
GRIMES, J., did not participate in this case.
NOTES
[1] Where restitution is a condition of probation, section 948.03(1)(e), Florida Statutes (1985), is also applicable and states that the probationer may be required to "[m]ake reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court." (Emphasis added).
[2] We note that petitioner failed to object and present evidence of his inability to pay the ordered restitution and so has waived his right to challenge the order on those grounds. § 775.089(7), Fla. Stat. (1985).