COBB, Judge.
The appellant, Gary J. Davis, challenges the trial court’s order that he pay $3,221.15 in restitution to a burglary victim. Davis claimed that he only participated in hauling off the second load of merchandise from the victim’s business, which was recovered by the police, and did not participate in the theft or transportation of the first load, which was not recovered. We agree with the state that this appeal is governed by Spivey v. State, 531 So.2d 965 (Fla.1988), wherein it was held that where a defendant commits a criminal offense in concert with others, it is within the discretion of the trial court to require that defendant to pay the full amount of restitution.
In this case there were two loads but one ongoing burglary, and Davis participated in it. As aptly argued by the state: “It does not matter, as a matter of law, whether you entered the theater during Act I, Scene I or Act II, Scene I, you still owe the full price of the ticket.”
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.