334 So.2d 671 (1976)
STATE of Florida, Appellant,
v.
Donald L. LUNDY, Appellee.
No. 76-666.
District Court of Appeal of Florida, Fourth District.
July 2, 1976.
*672 David H. Bludworth, States Atty., and Jerome Davis, Asst. States Atty., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Steven H. Parton, Sp. Asst. Public Defender, West Palm Beach, for appellee.
ALDERMAN, Judge.
This is an interlocutory appeal from the trial court's order granting defendant's pre-trial motion to suppress.
Police officers, answering a call, entered a bar in West Palm Beach. They approached the bartender, who advised them that several individuals had been smoking marijuana in the bar. One of the officers recognized the odor of marijuana smoke. The officers asked the bartender to identify the persons who had been smoking the marijuana. In response, the bartender pointed to the defendant, who was seated alone in the rear of the bar drinking beer. As the officers approached the defendant, they noticed a package of pink cigarette papers on the floor. The officers requested the defendant to follow them outside. There the defendant identified himself, and when asked if he had been smoking marijuana, answered negatively. He was then asked to empty his pockets and place the contents on the police car. The items which the defendant produced did not include any marijuana. Without consent, the officers then searched the defendant, finding a package in his left front pocket which contained two marijuana cigarettes.
After finding the two marijuana cigarettes, the police arrested the defendant for possession of less than five grams of marijuana, placed him in the police car and took him to jail. While the defendant was being booked, one of the officers checked the back seat of the police car and found five additional packages containing marijuana. Defendant was then charged with the felony offense of possession of more than five grams of marijuana.
The state contends that the search of defendant's person may be justified as a search "incident to a lawful detention." We respectfully disagree.
The search of the defendant's person was not incident to a lawful arrest, because at the time of the search defendant had not been arrested. The defendant was however "lawfully detained" under Fla. Stat. § 901.151 (1975), which allows law enforcement officers to detain temporarily any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws.[1] The circumstances in this case could *673 have reasonably indicated to the officers that the defendant had committed a violation of the criminal law. This was sufficient to justify temporarily detaining the defendant for the purpose of ascertaining his identity and investigating the circumstances surrounding his presence in the bar which led the officers to believe that he had committed a crime.
But detention authorized by § 901.151 is limited and is not the same as an arrest. A person may be temporarily detained no longer than is reasonably necessary to effect the purposes of the detention and such temporary detention may not extend beyond the place where it was first effected or the immediate vicinity thereof. Fla. Stat. § 901.151(3) (1975). If during the temporary detention, probable cause for arrest of the person shall appear, the person may be arrested; however, if after inquiry into the circumstances which prompted the temporary detention no probable cause for the arrest of the person shall appear, he must be released. Fla. Stat. § 901.151(4) (1975).
There is no general or absolute right to search a person who has been temporarily detained. A very limited right of search is allowed if the law enforcement officer has probable cause to believe that the person temporarily detained, or about to be detained, is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other person. Fla. Stat. § 901.151(5) (1975). In such circumstances the officer may search the person temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon. If such search discloses a weapon or any evidence of a criminal offense it may be seized. Fla. Stat. § 901.151(5) (1975). But no evidence seized is admissible, unless the search which disclosed its existence was only to the extent necessary to disclose, and for the purpose of disclosing, the presence of a dangerous weapon. Fla. Stat. § 901.151(6) (1975).
In the present case, the officers testified that they had no reason to believe that the defendant was carrying a weapon. The sole purpose of the search was to find marijuana which would then give them probable cause to arrest the defendant. This clearly was an unauthorized search and the trial judge correctly granted the defendant's motion to suppress.
The marijuana found in the police car after the defendant was taken to jail was also properly suppressed. Except for the arrest defendant would not have been *674 placed in the police car. The marijuana from the police car, obtained as a direct result of the illegal arrest, is also inadmissible.
Affirmed.
MAGER, C.J., and WALDEN, J., concur.
NOTES
[1] Fla. Stat. § 901.151 (1975). Stop and frisk law.

(1) This section may be known and cited as the "Florida stop and frisk law."
(2) Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
(3) No person shall be temporarily detained under the provisions of subsection (2) longer than is reasonably necessary to effect the purposes of that subsection. Such temporary detention shall not extend beyond the place where it was first effected or the immediate vicinity thereof.
(4) If at any time after the onset of the temporary detention authorized by subsection (2), probable cause for arrest of person shall appear, the person shall be arrested. If, after an inquiry into the circumstances which prompted the temporary detention, no probable cause for the arrest of the person shall appear, he shall be released.
(5) Whenever any law enforcement officer authorized to detain temporarily any person under the provisions of subsection (2) has probable cause to believe that any person whom he has temporarily detained, or is about to detain temporarily, is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other person, he may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon. If such a search discloses such a weapon or any evidence of a criminal offense it may be seized.
(6) No evidence seized by a law enforcement officer in any search under this section shall be admissible against any person in any court of this state or political subdivision thereof unless the search which disclosed its existence was authorized by and conducted in compliance with the provisions of subsections (2)-(5).