PER CURIAM.
The judgment appealed is affirmed, but this case is remanded for resentencing of appellant. Appellant and his brother William Glen Brooker were jointly charged in a four-count information: count 1 charged William , with possession of a firearm by a convicted felon; count 2 charged appellant with possession of a firearm by a convicted felon; and each of counts 3 and 4 charged both brothers with grand larceny. At the same plea hearing both appellant and his brother pled guilty as charged to all of the charges against them and were given five-year concurrent sentences on all applicable counts. It is clear from the plea hearing transcript that the trial judge understood which counts applied to each brother, but a clerical error occurred in the entry of the written judgment and sentence, resulting in appellant’s being adjudicated guilty and sentenced on count 1, with which he was not charged. This should be corrected on remand.
In addition, the present sentence does not specifically set forth the period of credit time to be allowed as required by Section 921.161(1), Florida Statutes (1975). Smith v. State, 310 So.2d 770 (Fla. 2d DCA *698 1975). Moreover, the phrase “at hard labor” in the sentence is improper because no existing state statute provides for imprisonment at hard labor as a sentence for any offense. Speller v. State, 305 So.2d 231 (Fla. 2d DCA 1974). Appellant need not be present at resentencing.
BOARDMAN, Acting C. J., and SCHEB and DANAHY, JJ., concur.