BOARDMAN, Acting Chief Judge.
Charles F. Lee appeals his placement on probation for possession of more than twenty grams of marijuana, contending that his motion to suppress the evidence should have been granted. We agree and reverse.
Captain Stephens of the Hardee County Sheriff’s Department testified at the hearing on appellant’s motion to suppress that on October 16,1979, he received a call from a confidential informant, an undercover police officer whom Stephens had known for a month, who stated that he thought a drug sale was being transacted at a Shop and Go convenience store in Bowling Green, Hardee County, Florida. The informant told Stephens that he had seen a car with three occupants drive up to the convenience store at the same time as a pickup truck. The truck driver got out and exchanged a few words with the people in the car, went to the pay phone, made a call, got back into the pickup truck, and left. The people in the car never got out, but turned their car around, pulled up to the edge of the street, and parked, as if they were waiting.
On receiving this call from the undercover officer, Stephens went to the scene in an unmarked car. The informant walked down to his car and told Stephens that the black Volvo with an out-of-county, temporary tag was the car and the occupants were in it. The informant then went back to the Shop and Go.
Stephens saw a black Ford pickup truck pull alongside the Volvo. The Volvo driver got out of his car and got into the pickup, while the other passengers remained in the Volvo. The pickup then drove off, going south on U.S. 17. Stephens stayed with the Volvo, and several minutes passed while he tried to get another officer to assist him. The Ford pickup truck came back and parked in approximately the same position. The Volvo driver got out of the truck, placed a brown paper bag in the trunk of the Volvo, and drove off in the car. The bag was a typical brown grocery bag and appeared to have something in it.
Both the car and the pickup truck left the Shop and Go and headed north on U.S. 17. Stephens followed in one car, and Deputy Maddox, the officer who had arrived to assist Stephens, was in another unmarked vehicle. Stephens and Maddox followed by switching off between Maddox’s truck and Stephens’ car. The Volvo was speeding. At one point, the Volvo pulled off to the side of the road for a few minutes, so that both Stephens and Maddox had to pass it.
The Volvo was eventually stopped in Bar-tow by officers from the Polk County Sher *617 iff’s Department. Its occupants were removed from the car and frisked; then one of them was placed in Stephens’ car and two in another car.
Investigator Kendrick of the Polk County Sheriff’s Department asked the Volvo’s driver, appellant, for permission to search the car, which request was refused. A search was nevertheless conducted. When the trunk was opened, a closed brown paper bag was found. The officers opened the bag and saw what appeared to be cannabis.
Appellant first contends that there was not even enough information available to Stephens for a person to have a reasonable suspicion. While we are inclined to agree, we reach no conclusion as to this contention. However, it is clear that at best the officers involved here had no more than a reasonable or founded suspicion, entitling them only to briefly detain the Volvo’s occupants and search them only to the extent necessary to disclose a weapon. § 901.151, Fla.Stat. (1979); Schnick v. State, 362 So.2d 423 (Fla. 4th DCA 1978); State v. Lundy, 334 So.2d 671 (Fla. 4th DCA 1976).
The state contends that the search was proper under Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), and section 933.19(1), Florida Statutes (1979), which adopts the Carroll doctrine. Carroll held that an automobile may be searched without a warrant if the officer conducting the search has probable cause to believe that contraband is being transported therein.
We are mindful that a trial court’s ruling on a motion to suppress comes to the appellate court with a presumption of correctness. McNamara v. State, 357 So.2d 410 (Fla.1978). However, having interpreted the evidence and all reasonable inferences that may be drawn therefrom in a light most favorable to sustaining the trial court’s conclusion, we must still resolve any doubt as to the propriety of a search in favor of the defendant, Taylor v. State, 355 So.2d 180 (Fla. 3d DCA), cert. denied, 361 So.2d 835 (Fla.1978); Miller v. State, 137 So.2d 21 (Fla. 2d DCA 1962).
Having more than a mere doubt as to the correctness of the searching officers’ actions here, we are unable to uphold the trial court’s implicit finding of probable cause. Since we have determined that probable cause was lacking here, Carroll and section 933.19(1) are inapplicable.
The officers here exceeded the scope of any authority to search that they may have had under section 901.151. Stephens made no assertion that he was conducting a search for weapons. He was undisputedly looking only for drugs. A search pursuant to section 901.151 is limited to a search for weapons. The search of the trunk of the Volvo and the subsequent search of the paper bag found therein were clearly impermissible, and appellant’s motion to suppress should have been granted.
Accordingly, the order of probation and the order denying appellant’s motion to suppress are REVERSED, and the cause is REMANDED with instructions to discharge appellant.
DANAHY and CAMPBELL, JJ., concur.