PER CURIAM.
The issue in this appeal is whether the defendant’s consent to search his automobile was voluntary. We are of the opinion it was not and therefore we reverse.
*286 The appropriate test for voluntariness to be applied here depends upon the legality of a prior stop and the subsequent circumstances which we now detail. State v. Amerson, 392 So.2d 311 (Fla. 4th DCA 1980). During a routine patrol, Officer Gahn noticed a truck and an automobile on the side of a deserted road. Subsequently, the automobile made a U-turn from its position behind the truck. Because there were no occupants in the truck, the officer stopped the automobile and asked its driver about it. The driver answered that the disabled truck belonged to a friend who would move it in the morning. After obtaining the driver’s name and address, the officer allowed the automobile to leave the area. Thereafter, the officer searched the truck and discovered that it contained marijuana residue. The officer reported his discovery to his headquarters and then began to search for the automobile’s occupants.
The officer spotted the automobile, its driver and two other individuals outside a farm house. He ordered the individuals to place their hands on the roof of the automobile. When other policemen arrived at the scene, the officer requested the men to empty their pockets. Thereafter, he conducted a field investigation. During his interrogation of the defendant, the officer requested to search his automobile without notifying him of his right to refuse. The defendant consented and several pounds of marijuana was discovered in the vehicle. The officer then arrested the defendant.
While probable cause is not required to justify a temporary detention, something more than mere suspicion is required. State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). In the instant case, the trial court found that the officer had sufficient facts to form the founded suspicion necessary to justify the stop. However, the officer’s request that the defendant empty his pockets was unreasonable since the seizure of the defendant was not a formal arrest. The police officer could only conduct a carefully limited, self-protective search of the outer clothing of such person to discover the presence of weapons. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Lundy, 334 So.2d 671 (Fla. 4th DCA 1976); State v. Ramos, 378 So.2d 1294 (Fla. 3d DCA 1979). As a result, the search here was illegal per se.
Having found an initial unconstitutional seizure, this court must decide whether the state proved by clear and convincing evidence that the defendant’s consent to the search of the vehicle was not a product of the illegal police action. We believe that the state failed to carry its burden. Upon confronting the defendant, the officer ordered him to place his hands on the automobile and then empty his pockets. Although he was not formally arrested, the evidence shows that he was at least de facto in custody. Because of the coercive setting and the officer’s failure to notify the defendant of his right to refuse the search, the defendant’s compliance with the officer’s request might possibly be deemed acquiescence to authority, but it certainly does not rise to the level of free and voluntary consent to search. The order under review must, accordingly, be reversed.
REVERSED.
LETTS, C.J., and DELL and WALDEN, JJ., concur.