COWART, Judge.
This case involves the authority under section 901.15, Florida Statutes (1983), of a law enforcement officer to arrest a person without a warrant.
A waitress in a restaurant telephoned the police and reported that she had seen marijuana before and that she had seen what looked like, and she believed to be, marijuana in the possession of a person in the restaurant. When the police officer arrived the waitress pointed out the defendant as that person. The officer searched the defendant, found marijuana, and arrested him. After arresting the defendant, the officer, having earlier observed the defendant attempting to kick his knapsack under his seat, searched the knapsack and discovered more marijuana. The trial court suppressed the seized evidence and the State appeals. We reverse.
The fact that the police officer in describing his search of the person of the defendant stated he “patted him down and found the narcotics in his right pocket” did not bring into relevancy the stop and frisk doctrine and statute (§ 901.151, Fla.Stat. (1983)) which limits the officer’s right to make a limited search (pat down or frisk) only when the officer has probable cause to believe the detained person is armed with a dangerous weapon.
Under the facts here, even before the search or pat down, the officer had reason to believe (probable cause)[1] that a felony had been, or was being committed and reason to believe that the defendant had committed or was committing it, or that the defendant was committing a felony or misdemeanor in the presence of the officer, and, therefore, pursuant to section 901.15, Florida Statutes (1981), the officer was authorized to make an arrest of the defendant without a warrant.
Appellee relies on State v. Lundy, 334 So.2d 671 (Fla.4th DCA 1976). The facts in Lundy are very similar to the facts in this case. The Lundy court stated:
The search of the defendant’s person was not incident to a lawful arrest, because at the time of the search defendant had not been arrested.
334 So.2d at 672.
Accordingly, the Lundy court proceeded to consider whether the circumstances were sufficient to justify temporarily detaining Lundy and found that they were. The Lundy court then considered whether there was probable cause for the officer to believe that Lundy was armed with a dangerous weapon so as to authorize a lawful frisk (pat down or limited search), found there was not, and, consequently, held that the trial court had properly suppressed the evidence seized as a result of what was considered an illegal search incidental to a lawful detention. We do not read Lundy to reach or address the exact question in this case; that is, whether the facts gave the officer probable cause to arrest the defendant without a warrant. State v. King, 405 So.2d 770 (Fla.5th DCA 1981), did not consider Lundy. However, to the extent that Lundy holds that a search cannot be incidental to an arrest if it precedes the arrest, King appears to be in conflict with Lundy. As to this point of law we follow King and express conflict with Lun-dy.
Accordingly, we hold State v. King, 405 So.2d 770 (Fla.5th DCA 1981), is in point, the search of the defendant’s person and knapsack were incidental to a lawful arrest and the seizure of the marijuana was *1065 lawful, the arrest was legal, and the evidence should not have been suppressed,
REVERSED AND REMANDED.
ORFINGER, C.J., and FRANK D. UP-CHURCH, Jr., J„ concur.

. Probable cause "includes the knowledge of such facts and circumstances that rise to a level which would warrant an individual of reasonable caution to believe that an offense was being, or is being, committed." Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967). See also State v. Jones, 417 So.2d 788 (Fla. 5th DCA 1982). As to reasonable suspicion justifying detention and inquiry, see State v. Hunt, 391 So.2d 760 (Fla. 5th DCA 1980).