498 So.2d 1359 (1986)
Benjamin JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 86-24.
District Court of Appeal of Florida, Second District.
December 17, 1986.
*1360 James Marion Moorman, Public Defender and Joseph Eugene Perrin, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant was adjudicated guilty of and sentenced for a charge of possession of cocaine. He appeals the denial of his motion to suppress evidence and the sentence imposed by the court. We affirm in part and reverse in part.
On June 15, 1984, an officer of the Manatee County Sheriff's Office received information from a confidential informant. The informant told the officer that he had observed a black male selling cocaine at a specific bar, described the male's clothing as being all white and stated the cocaine could be found in the man's right front shirt pocket. The officer responded to the bar but found no one matching the description. While at the bar, the officer was notified of a second call from the same informant advising him that the seller of cocaine changed locations and was in a different bar. The officer proceeded to the second bar and located appellant in the bar's restroom. Appellant was wearing a white shirt, a white hat and white pants. The officer searched appellant and found four tin foil packets of cocaine in appellant's right front shirt pocket. Appellant was then arrested. Appellant filed a motion to suppress evidence which the trial court denied after a hearing. Appellant then entered a plea of nolo contendere to the charge of possession of cocaine. He also admitted to being in violation of his probation on three earlier crimes. The court found appellant in violation of his probation and sentenced him to concurrent five-and-one-half year terms on all four charges. The court allowed credit for all time previously served on the charges but *1361 did not specify the number of days. In addition, court costs of $200.00 were imposed pursuant to section 27.3455, Florida Statutes (1985).
Appellant raises four points on appeal. His first point is that the trial court erred in denying his motion to suppress. We disagree. The confidential informant's description of appellant was specific enough to give the officer probable cause. Dixon v. State, 343 So.2d 1345, 1348 (Fla. 2d DCA 1977). The confidential informant had been used previously and had been found to be reliable. The tip informed the officer that the person was a black male at a specific bar, dressed in specific clothing (a white shirt, white pants and a white hat), and gave a specific location of the cocaine. The second call also indicated a specific bar. Both the detention and search of appellant were lawful.
Appellant's second point is that the court's imposition of court costs pursuant to section 27.3455 is unconstitutional as applied to him because it violates the ex post facto provisions of the Florida and United States Constitutions. The crime of which Jones was convicted occurred on June 15, 1984. Section 27.3455 became effective July 1, 1985. This issue has been repeatedly raised in this district, and this court has consistently held that the statute violates ex post facto restrictions when applied to an offense committed previous to the effective date of the statute. Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986). We follow the Bowman decision and its progeny and reverse that portion of the judgment in this case imposing court costs of $200.00. We also certify in this case the question set out in Bowman to the Florida Supreme Court as a question of great public importance. Appellant's equal protection challenge to section 27.3455, Florida Statutes (1985), is without merit. Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986).
Appellant's third point on appeal is that the five-and-one-half year sentences for the offenses of aggravated assault and possession of a controlled substance (two of the offenses for which the probation was revoked) were in excess of the statutory maximums as allowed by law. Both are third degree felonies and are punishable by a term of imprisonment not to exceed five years. § 775.082(3)(d), Fla. Stat. (1985). We agree. Accordingly, we set aside the sentences imposed and remand the case with instructions for the trial court to impose an appropriate sentence within the statutory maximum.
Appellant's last point on appeal is that although the trial court stated appellant would receive credit for all time served, the court failed to set forth the period of jail credit. A review of the record indicates that the sentence for Case No. 84-875F specifically states credit for time served. However, the concurrent sentences in Case No. 82-1124F do not specifically state credit for time served. We remand this case with instructions that the court specifically set forth the amount of jail credit for all sentences imposed. § 921.161(1), Fla. Stat. (1985). Brooker v. State, 362 So.2d 697 (Fla. 2d DCA 1978).
Conviction affirmed; sentence vacated in part, and remanded with instructions.
GRIMES, A.C.J., and HALL, J., concur.
RYDER, J., specially concurs.
RYDER, Judge, specially concurring.
I concur with the result of this panel, but incorporate by reference my specially concurring opinion in Stone v. State, 500 So.2d 572 (Fla. 2d DCA 1986) as to the ex post facto argument concerning section 27.3455, Florida Statutes (1985).