FRANK, Judge.
The appellant, Elroy Coby, was convicted in 1980 and again in 1985 of, among many other crimes, several counts of forgery and uttering a forged instrument. Coby was placed on probation for the 1980 offenses, but after commission of the 1985 offenses, probation was revoked and he was sentenced to 5 years for each crime he had committed, the terms to run concurrently with one another.
Coby raises three points on appeal. He first asserts that section 27.3455, Florida Statutes, requiring the payment of $200.00 upon conviction in “each case of a felony,” violates the ex post facto proscription found in the Florida and United States Constitutions. In the present case, both the 1980 and 1985 offenses occurred prior to July 1,1985, the effective date of section 27.3455. This court has repeatedly held that section 27.3455 cannot constitutionally be applied to a crime committed prior to this section’s effective date. Jones v. State, 498 So.2d 1359 (Fla. 2d DCA 1986). We reverse that portion of the judgment which imposes costs of $200.00 and re-certify the question set out in Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986), to the Florida Supreme Court as one of great public importance.
Coby also challenges section 27.3455 on the ground that it violates the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. This point is without merit. Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986).
*373 Coby’s final argument is that he was erroneously charged with a third degree felony for the offense of conspiracy to utter a forged instrument. We agree. Conspiracy to commit a third degree felony, such as uttering a forged instrument, is a first degree misdemeanor for which the maximum sentence is one year of imprisonment. §§ 777.04(4)(d), 775.082(4)(a), Fla. Stat. (1985).
We affirm the convictions, reverse the payment of $200.00, and remand for correction of the sentence.
SCHOONOVER, A.C.J., and HALL, J., concur.