SHARP, Judge.
Fortney pled no contest to possession of a controlled substance, i.e., cocaine, expressly reserving his right to appeal the trial court’s denial of his motion to sup *968 press.[1] We affirm because the claimed unlawful search of Fortney’s person (a deputy told him to unclench his fist, thereby disclosing the presence of cocaine) was undertaken under circumstances which would have given the deputy probable cause to arrest, and therefore was incidental to a lawful arrest.
The record established that at approximately 3:30 in the morning the manager of the “House of Babes” nightclub called the sheriff's department to complain that someone at the club was attempting to distribute cocaine to two of his employees. Officer Debra Jacobs and another officer were dispatched to investigate the complaint. Upon their arrival at the nightclub they were met by the manager outside, and he repeated his story. The manager then took the officers into the club and pointed out Fortney as the person prompting his call.
Accompanied by the manager and the other deputy, Jacobs approached Fortney and asked him to step outside. While walking outside, Jacobs observed Fortney “fidgeting with his hands around his waistline, belt [and] pocket area.” Outside, Fort-ney’s hand remained clenched. Jacobs requested Fortney to unclench his fist. Fort-ney did so, revealing a glassine bag containing cocaine. At this point, Fortney was formally arrested.
It is undisputed by the parties that a detention and search took place. The trial court denied the motion to suppress on the basis that Jacobs’ request of Fortney to open his hand was a valid exercise of Florida's Stop and Frisk Law, section 901.151, Florida Statutes (1985). We disagree since testimony clearly shows that Jacobs did not believe Fortney’s fist contained a weapon, nor did she fear for her safety because of the presence of the other deputy and the manager.
However, we do think, under the facts here, that Officer Jacobs had probable cause to arrest Fortney before she requested him to open his fist.[2] The manager’s actions and statements[3] that Fortney was trying to distribute cocaine to two of his employees, combined with Jacobs’ observations of Fortney’s attempt to conceal something in his hand, established a reasonable basis to believe that Fortney had committed or was committing a felony or misdemeanor in the presence of the officers. Jones v. State, 498 So.2d 1359 (Fla. 2d DCA 1986); State v. Gennari, 451 So.2d 1063 (Fla. 5th DCA 1984); § 901.15, Fla. Stat. (1985). The timing of the discovery of the cocaine — before making the actual arrest — is not, under these circumstances, a defect requiring suppression of the evidence.[4] Therefore the conviction is
AFFIRMED.
UPCHURCH, C.J., concurs.
DAUKSCH, J„ dissents with opinion.

. State v. Carr, 438 So.2d 826 (Fla.1983).

. It is our duty to affirm a trial court’s decision, though erroneous, if there is some reason or basis in the record to support it. Vandergriff v. Vandergriff, 456 So.2d 464 (Fla.1984), In re Yohn’s Estate, 238 So.2d 290 (FIa.1970).

. The reliability of the manager's statements was supported by his actions of 1) reporting the complaint and 2) repeating his story when he met the officers at the club and 3) pointing out Fortney, and then accompanying the officers. That he did not actually see the cocaine himself is irrelevant.

.A valid search may precede an arrest where probable cause exists before the search is made. See State v. King, 405 So.2d 770 (Fla. 5th DCA 1981) and cases cited therein.