DAUKSCH, Judge,
dissenting.
I respectfully dissent.
I have never heard of and dispute the theory that a search is lawful if it “was undertaken under circumstances which would have given the deputy probable cause to arrest and therefore was incidental to a lawful arrest.” Even if there is such a theory the facts here do not indicate probable cause to arrest. The only witness to testify at the motion hearing was a female deputy sheriff. She testified that *969 after she was dispatched to the nightclub, she was told by the manager that “there was a subject inside who was attempting to distribute cocaine to two of his girls.” This hearsay upon hearsay statement that appellant was attempting to distribute cocaine coupled with the appellant’s closed fist evidenced nothing more than a mere suspicion that appellant was in present possession of cocaine. Also critically missing from this case is the manager’s testimony that he or anyone else actually saw the cocaine.
Under the foregoing facts, the deputy had every right to inquire or effect a Terry stop. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Standing alone, however, the facts giving rise to the suspicion that appellant was “attempting to distribute cocaine” do not rise to the level of probable cause required under the Fourth Amendment to effect a search and seizure. The deputy did not have the lawful authority to search until she had probable cause to believe appellant was committing or had committed a crime or was armed and dangerous.
The majority cites Jones v. State, 498 So.2d 1359 (Fla. 2d DCA 1986) and State v. Gennari, 451 So.2d 1063 (Fla. 5th DCA 1984), neither of which support its position. In Jones, the officer relied upon the information of a known reliable informant who had obviously seen and described the location of the cocaine on the appellant’s person. As previously discussed, that critical observation and information is missing in the case presently under review.
Likewise, in Gennari, also curiously relied upon by the majority as support for this warrantless search, the informant actually saw the marijuana. As in Jones, the fact that the informant actually saw the illegal drug provided the probable cause necessary to effect a search and seizure. In the present case, however, the statements of an unknown manager that two unidentified girls told him that appellant had attempted to sell them cocaine is an insufficient basis upon which to establish probable cause.
I would reverse.