531 So.2d 246 (1988)
Gary WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2279.
District Court of Appeal of Florida, Fifth District.
September 22, 1988.
*247 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Orlando police officers were approached by a person unknown to them who advised the police officers that he was a police confidential informant. The informant gave a number which was consistent with a number assigned to confidential informants by the Orlando Police Department when the confidential informant has proved his reliability to the satisfaction of the police department. The informant then advised the officers that a man whom he described by height, weight, and clothing tried to sell him drugs at the corner of Church and Parramore Streets in Orlando. The officers went there, which was known to them to be a "drug activity area", and saw a man (the defendant, Gary Williams) who fit the description given them. The officers themselves observed nothing giving them probable cause to believe, or to even reasonably suspect, that the defendant was violating any law. The officers approached or accosted the defendant and "for safety" made a pat-down search. The "pat-down" revealed a soft bulge in the defendant's front shorts pocket which was not believed, or suspected, to be a weapon. Nevertheless, the police searched the pocket, which search revealed the bulge to consist of a wad of money and two-tenths of a gram of cocaine. The defendant was arrested and charged. At a hearing on a motion to suppress, the defendant's counsel, citing State v. Hewitt, 495 So.2d 809 (Fla. 1st DCA 1986), rev. denied, 504 So.2d 768 (Fla. 1987),[1] argued that (1) while the information given to police officers by the so-called "registered confidential informant" might be sufficient for a stop and frisk under section 901.151, Florida Statutes, such "pat-down" or "frisk" resulted in no factual basis for a belief that the defendant was armed justifying a search of his pocket, (2) the police officers had no personal knowledge of the informant's reliability as might have been relied upon by an impartial magistrate as probable cause in order to issue a search warrant, and (3) such information was insufficient in detail and source as to alone constitute probable cause to believe that the defendant had committed a felony crime as to justify an arrest without a warrant. The trial court denied the motion to suppress on the ground that the officers had probable cause to arrest based solely on the information received from the registered confidential informant and without regard to the fact that the informant was not identified or personally known to the officers to be a reliable source. We disagree and reverse.
The facts constituting probable cause for a warrantless arrest must come from a source the reliability of which is subject to some reasonable degree of review by courts of law. This exists when the arresting officer, who is subject to later interrogation in court under oath, asserts personal knowledge or when the arresting officer relies on a known and apparently reliable and identified source, such as the nightclub manager in Fortney v. State, 510 So.2d 967 (Fla. 5th DCA 1987). Here the "citizen-informant" asserting the facts relied on by *248 the police would not identify himself by name or place of residence, but only by a number which the police and the State assert should be accepted as a source that has been pre-qualified as being reliable by the police. We cannot agree. Here the citizen-informant was not present at the suppression hearing so that the defendant could examine him and the court could determine his reliability on first-hand sworn testimony and the arresting police officers could not under oath personally affirm the accuracy of the facts supplied by the informant and upon which the validity of the arrest depended. The public and the Courts are entitled to examine the reliability of the source of information upon which the citizen's constitutional right to freedom from unreasonable searches and seizures must ultimately depend. This cannot be done where the executive branch of government makes a private determination of reliability of the source of such important information and institutes a system or practice that prevents the citizen and the Courts from scrutinizing that issue in open court in the traditional manner of confrontation and examination of witnesses under oath.
The order denying the motion to suppress is reversed and the cause remanded for further proceedings.
REVERSED and REMANDED.
DANIEL, J., concurs.
DAUKSCH, J., concurs in conclusion only.
NOTES
[1] See also Sanchez v. State, 516 So.2d 1062 (Fla. 3d DCA 1988).