## STATE OF FLORIDA v HADLEY
### Case No. 88-32 AC10
Seventeenth Judicial Circuit, Broward County
May 17, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for appellant.

Essen & Essen, for appellee.

### OPINION OF THE COURT

THOMAS M. COKER, JR., Circuit Judge.

Appellant appeals the trial court's decision, granting Appellee's Motion to Suppress Evidence.

On November 4, 1987, the State filed an information charging Appellee with DWI, Open Container of Alcoholic Beverage in Motor Vehicle and Leaving the Scene of Accident. On February 25, 1988, Appellee filed a motion to suppress based upon lack of probable cause to arrest. A hearing was held on April 14, 1988 at which the State

failed to present the arresting officer as a witness, informing the court that the officer was not subpoenaed. The State presented only the testimony of the victim, who presented his version of the car accident and the actions of the police officers after they arrived on the scene.

The trial court concluded that the state failed to establish that the officer had probable cause to arrest the Defendant for DUI and granted Appellee's motion to suppress.

The State argues that a reasonable suspicion is sufficient to justify the detention of a private citizen and the probable cause for an arrest that arises out of such a detention is valid to support that arrest and all the evidence stemming from it.

Appellee argues that the trial court properly granted the Motion to Suppress where the State failed to come forward with any evidence to support the assertions that (a) the defendant was only temporarily detained, not arrested, when placed in the back of the police car; (b) the police had probable cause to support a warrantless arrest of the Defendant; and (c) the police had a "founded suspicion" to temporarily detain the Defendant.

The issue presented in this appeal is whether or not the trial court erred in granting the motion to suppress. The underlying question is whether or not the arrest of the defendant without a warrant was based on probable cause.

The testimony of the victim/witness was presented as to his observations and information he supplied to the arresting officers. During the hearing, the witness testified *inter alia,* that the officers drove across the street about a hundred yards away, picked up the Defendant and brought him back to where the witness was waiting; he did not hear what was said when the officers went across the street to pick up the Defendant; he was uncertain as to which of the two officers arrested Defendant; and sobriety tests were given but the witness could not say what methods or evaluation standards were used by the officers.

The law is clear that an initial detention may be based upon a "founded suspicion." See *Kearse v State,* 384 So.2d 272 (Fla. 4th DCA 1980). In *State v Stevens,* 354 So.2d 1244, 1247 (Fla. 4th DCA 1978), the Court held that certain factors might be evaluated to determine whether they reasonably suggested the suspect's possible commission, existing or imminent, of a crime: the time, day of the week, location, physical appearance of suspect, behavior of suspect, appearance and manner of operation of any vehicle involved; anything incongruous or unusual in the situation as interpreted *in the light of the officer's knowledge.* (Emphasis added). The Record indicates that some of these

**55**

factors may have been evident. However, the problem in this case is that the trial court was not presented with conclusive testimony as to what was in the officers' knowledge.

In *Williams v State,* 531 So.2d 246 (Fla. 5th DCA 1988), a citizen-informant supplied the information which the arresting officer relied upon for a warrantless arrest. The citizen-informant was not present at the suppression hearing so as to be cross-examined and the arresting officer could not under oath personally affirm the accuracy of the facts supplied by the informant and upon which the validity of the arrest depended. Likewise, in the instant case, the witness cannot verify what was within the knowledge of the arresting officers nor can he verify when Appellee was arrested. Without the testimony of the officers, there is only speculation and conjecture as to what actually occurred.

The order granting the motion to suppress in this case was based on a weighing of credibility of the only witness presented by the State. The trial court made specific findings and conclusions based upon the failure of the State to present the testimony of the arresting officers. The trial court properly concluded that the testimony of the victim/witness was inconclusive as to the issue of probable cause for the warrantless arrest of Appellee.

According, the trial court's decision is AFFIRMED.

DONE AND ORDERED this 17th day of May, 1989.