COBB, Judge.
The state has appealed a trial court order suppressing evidence, namely, “all personal property seized from the defendant during *1389 his detention and arrest on December 6, 1990 ...” The facts adduced at the suppression hearing show that a confidential informant (Cl) approached a Putnam County Deputy Sheriff, Officer Whaley, and advised him that three black males, whom he specifically described, were possessing and selling crack cocaine at a particular location in Palatka, Florida. This Cl had previously been used by the police successfully in a controlled buy conducted by Officer Whaley.
The Cl, who was wired with a monitoring device, went to an appointed location in Palatka. Over the monitor he told officers that three persons from Ft. Lauderdale were there selling crack cocaine. He specifically described the three, including one called “Bruiser,” subsequently identified as Fountain. The Cl observed “Bruiser” with a Zip-Loc baggy containing about fifteen cocaine rocks. At approximately 3:00 p.m., the Cl told the three sellers he would get his money together for a later purchase.
Whaley notified other officers for backup and briefing and returned to the location some one hour and fifty minutes later. Officer Wright testified that when he reached the scene Fountain and two others came out of the wooded area where one of them threw something to the ground and that Fountain was apprehended as he started to run away. At that time, Fountain had a receiver in his ear, apparently to overhear radio communications. The three men were detained until the Cl could confirm their identities. One had not been present at 3 o’clock but “Bruiser” Fountain was present at both times. He was searched and a baggy containing numerous rock-shaped substances was found.
The trial court, after hearing this evi-. dence, expressed concern that the .information derived from the Cl was not “verified in some way.” He did not discredit any testimony. The order granting the motion to suppress provides:
1. The search was a warrantless search, its validity depending on a probable cause felony arrest.
2. The evidence presented, which lacks the testimony of the confindential [sic] source, fails to establish sufficient reliability of both the “source” and his information to support probable cause for either an arrest or search.
3.The arrest, search and seizure are consequently invalid as an unreasonable search and seizure (see Williams v. State, 531 So.2d 246 (5th DCA, 1988); Key v. State, 533 [sic] [553] So.2d 301 (1st DCA 1989)). The Motion to Suppress is accordingly Granted....
The trial court’s reliance on Williams v. State, 531 So.2d 246 (Fla. 5th DCA 1988) was misplaced. That case is readily distinguishable because the officers involved there had no personal knowledge as to the reliability of the Cl, and the Cl in that case supplied no detailed information that could be confirmed by the officers, as occurred in the instant case.
Key v. State, 553 So.2d 301 (Fla. 1st DCA 1989) is also inapposite to the current facts. In Key there was no corroboration of the details of an anonymous tip in any respect other than the fact that an officer found the defendant at the place indicated by the informant. There, the officer did not personally observe any criminal activity on Key’s part and, thus, did not have any personal knowledge that would corroborate the details of the tip that Key was possessing illicit drugs or attempting to sell illicit drugs on that occasion.
In the instant case, the officer clearly overheard a general discussion involving a potential cocaine sale through the monitoring device carried by the confidential source. This not only corroborated the confidential source’s story, but also added to the circumstances giving rise to probable cause. See State v. Brown, 586 So.2d 473 (Fla. 4th DCA 1991). While corroboration is an important element in a case such as this, the totality of the circumstances analysis adopted by Gates[1] adopts a common sense approach in determining whether probable cause exists to believe that evidence of a crime is located or possessed at a given place.
The trial court erred in failing to recognize that it is an established rule of *1390 law that an informant’s reliability is established by a successful controlled buy. State v. Gieseke, 328 So.2d 16 (Fla.1976); Polk v. Williams, 565 So.2d 1387, 1389 (Fla. 5th DCA 1990); State v. Georgoudiou, 560 So.2d 1241 (Fla. 5th DCA), rev. denied, 574 So.2d 141 (Fla.1990); State v. Moise, 522 So.2d 1023 (Fla. 5th DCA 1988); Ryals v. State, 498 So.2d 1365 (Fla. 5th DCA 1986); State v. Cohen, 442 So.2d 346 (Fla. 5th DCA 1983). Moreover, when the monitoring of the activity by the detectives revealed that the purchase of cocaine was imminent, probable cause was established without regard to the reliability of the informant. See Georgoudiou; State v. Angel, 547 So.2d 1294 (Fla. 5th DCA 1989); Tippins v. State, 454 So.2d 630 (Fla. 5th DCA 1984).
Notwithstanding the reliability of the informant or the information conveyed via the monitor directly to the officers, the trial court was also in error in suppressing the evidence in this case because, prior to the occurrence of any seizure, a bag of cocaine was voluntarily abandoned by the three men emerging from the woods. Fountain was a principal to the possession of this cocaine, warranting his arrest. See California v. Hodari D., — U.S. -, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).
REVERSED.
HARRIS and DIAMANTIS, JJ., concur.

. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).