PER CURIAM.
Richard W. Payne appeals the denial of his motion to suppress a firearm. Because we agree with Payne’s contention that the state failed to establish the validity of the initial stop, we reverse.
At approximately 11:45 p.m., Officer Horri-gan was on patrol in an unmarked car and observed three people walking through a convenience store parking lot. The officer testified that they appeared to be either arguing or intoxicated, but he provided no details about their behavior. Officer Horrigan decided to watch the three and drove around the store to get a better view. While he did this, the three crossed the parking lot. The officer observed them get into two separate cars, at least one of which was already partially occupied. The other car, a Cadillac, backed out of the parking lot and pulled into the street. Before the car left the parking lot, Officer Horrigan radioed for a marked unit to stop it. After it left the parking lot, Officer Horrigan saw the car spin its tires as it approached and then stopped at a red light.
Officer Douglas responded to the call. When he saw the car, it was being driven with the headlights off but they were turned on after another vehicle signalled. Officer Douglas then stopped the Cadillac based on the radio request. After the stop, both officers observed the barrel of the firearm protruding out from under the passenger seat in which Payne had been sitting. Payne was arrested and charged with carrying a concealed firearm.
Payne moved to suppress the firearm and argued that the officers lacked a founded suspicion to stop the Cadillac. Payne had standing to challenge the initial stop of the car. See Wulff v. State, 533 So.2d 1191 (Fla. 2d DCA 1988), approved, Nelson v. State, 578 So.2d 694 (Fla.1991). Following an eviden-tiary hearing, his motion was denied. Payne entered a plea of no contest, reserving the right to appeal the denial of the motion.
In order to stop a moving vehicle, an officer must have a founded suspicion of criminal activity or cause to believe that he observed a traffic violation. Rollins v. State, 578 So.2d 850 (Fla. 2d DCA 1991). Here, there was no evidence to establish a founded suspicion of criminal activity. Officer Horri-gan decided to stop the car before it even left the parking lot because he thought the three people might be intoxicated. There was no testimony that the car’s driver was one of the three people. Additionally, the state failed to show that under the circumstances a reasonable officer would have stopped the Cadillac for the brief period of driving without headlights. See State v. Lagree, 595 So.2d 1029 (Fla. 1st DCA), review denied, 601 *1254 So.2d 553 (Fla.1992) (state failed to prove that officer’s stop of an automobile which he saw pull out of the parking lot and drive one half of a small city block before turning on the headlights was not pretextual). Although Officer Douglas issued a citation for driving without headlights, the record is clear that the car was stopped on Officer Horrigan’s earlier request and not because of the headlights. Therefore, the fact that the headlights were off for a brief time provides no support for the validity of the stop.
The trial court’s ruling on a motion to suppress comes to this court clothed with the presumption of correctness. McNamara v. State, 357 So.2d 410 (Fla.1978). However, we must still resolve any doubt as to the propriety of the stop in favor of Payne. See Lee v. State, 392 So.2d 615 (Fla. 2d DCA 1981). Because the circumstances here were insufficient to support the stop, we reverse Payne’s judgment and sentence and the order denying his motion to suppress. We remand with instructions to discharge Payne.
PATTERSON, A.C.J., and BLUE and FULMER, JJ., concur.