BERGER, J.
The State of Florida appeals the trial court’s order granting Richard Anthony Proctor’s motion to suppress evidence seized during a traffic stop. The State argues the trial court erred as a matter of law when it required the State to prove that the traffic stop was not pretextual. We agree and reverse.
*410 The following facts were adduced at the hearing. Around 3:00 a.m., Officer Lovett observed Proctor’s vehicle traveling in the left-hand lane of the eastbound lanes of Old Winter Garden Road. Proctor’s right tires were on the line dividing the left and right lanes, but most of his vehicle was in the left-hand lane. Although Proctor was not swerving, he made a right-hand turn, from the left lane, onto Ohio Avenue. He then traveled down the middle of Ohio Avenue, before turning onto Central Boulevard. Once on Central Boulevard, Proctor drove the wrong way on the side of the road in order to park in a grassy lot across the street from a house known for drug sales and arrests. Officer Lovett intended to stop Proctor and ticket him, but chose not to based on the history of the house.[1]
As the officers watched, someone from the house approached Proctor’s car and proceeded to walk back and forth from the house to Proctor’s car multiple times. Officer Lovett did not see a crime occur while Proctor’s car was parked. However, based on the known drug sales and prior arrests related to the house, Officer Lovett believed that a drug transaction had occurred. Proctor left the area after a few minutes, driving for half a block with no headlights. There was no other traffic on the roadway. Soon thereafter, Officer Lo-vett stopped Proctor for the traffic infractions he committed prior to parking in the grassy lot and for driving with no headlights after he left. Officer Lovett thought Proctor was intoxicated based on his odd and unusual driving. Officer Lovett initially spoke to Proctor through the passenger side window of the vehicle. When he asked Proctor for his license, Proctor admitted that his license was suspended. At that time, Officer Frey, who had been riding with Officer Lovett, approached the driver’s side window of Proctor’s vehicle with his flashlight illuminated. He saw that Proctor had a small, beige, rock-like substance on his bottom lip that appeared to be crack cocaine. Officer Frey asked Proctor to. step out of the vehicle. As he did, Officer Frey noticed that Proctor was chewing something. Officer Frey then ordered Proctor to spit out the crack cocaine. When Proctor refused, Officer Frey forcibly caused Proctor to spit it out by applying pressure to the top of Proctor’s jawbone. The crack cocaine was recovered by the officers and field-tested positive. Proctor was arrested for possession of cocaine and given verbal warnings for the traffic infractions.
At the conclusion of the hearing, the trial court found that the three traffic violations that occurred prior to the stop were not the proximate cause for the traffic stop. It further found that nothing that occurred at the house provided probable cause to stop the vehicle. Thus, the issue was whether driving at 3:30 a.m. on a deserted street without headlights for a brief period of time was sufficient to warrant the stop. The trial court concluded, based on Payne v. State, 654 So.2d 1252 (Fla. 2d DCA 1995), that driving without headlights for ten seconds was not enough and granted Proctor’s motion to suppress, explaining:
And based on ... [Payne ] ... that court held that the fact that the driver’s headlights were off for a brief time provided no support for the validity of an automobile stop where the record was clear the police officer ordered the stop before the headlight infraction was observed.
*411 1⅛ granting the motion to suppress. I find that the alleged traffic violation basis, as set forth for the stop, was more of a hunch, but not proximately cause to stop.
This timely appeal followed.
A trial court’s ruling on a motion to suppress comes to this Court clothed with a presumption of correctness and we must interpret the evidence and reasonable inferences and deductions taken from that evidence in a manner most favorable to sustaining the trial court’s ruling. Patrick v. State, 104 So.3d 1046, 1059 (Fla.2012); Hicks v. State, 852 So.2d 954, 959 n. 1 (Fla. 5th DCA 2003). When reviewing a suppression order, we give deference to the trial court’s historical facts so long as they are supported by competent, substantial evidence, but we review de novo the trial court’s application of the law to those facts. Patrick, 104 So.3d at 1059; State v. Rodriguez, 904 So.2d 594, 596 (Fla. 5th DCA 2005).
The State argues that the trial court erred when it applied Payne, because the legal proposition set forth therein was overturned by Holland v. State, 696 So.2d 757 (Fla.1997). We agree. In Holland, the Florida Supreme Court recognized the United States Supreme Court’s holding in Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), that the reasonableness of a traffic stop under the Fourth Amendment does not depend on the actual, subjective motivations of the individual officers involved in conducting the stop, but rather on the validity of the basis asserted by the officers involved in the stop.
As a general rule, “the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.” Whren, 517 U.S. at 810, 116 S.Ct. 1769. See also State v. Lee, 957 So.2d 76, 79 (Fla. 5th DCA 2007). The actual subjective motivation of the individual officer involved is irrelevant' and should not factor into an ordinary, probable-cause Fourth Amendment analysis. Whren, 517 U.S. at 813, 116 S.Ct. 1769. See also Holland, 696 So.2d at 760. Instead, an objective test is used to determine the reasonableness of a stop. Holland, 696 So.2d at 760.[2]
Utilizing the objective test outlined in both Holland and Whren, we conclude that Officer Lovett had probable cause to stop *412 Proctor for driving without his headlights activated, in violation of section 316.217(1)(a), Florida Statutes (2010).[3] To the extent the trial court relied on Payne for its determination that driving without headlights for a brief period of time could not support the validity of an automobile stop, such reliance was error.[4] It was also error to conclude that Officer Lovett stopped Proctor primarily on a hunch, especially in light of his direct testimony to the contrary.[5]
Because Officer Lovett had probable cause to believe that Proctor violated the traffic code, we hold the stop was reasonable under the Fourth Amendment. Accordingly, we reverse the order of the trial court suppressing the cocaine discovered during the stop and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SAWAYA and EVANDER, JJ., concur.

. The State attempted, unsuccessfully, to elicit testimony from Officer Lovett that he waited to conduct the stop for safety reasons as he knew from experience that the people in the house may be armed.

. Proctor agrees that the test is an objective one, but contends that Florida case law provides that none of the violations described by the officers constituted stoppable offenses. This argument is without merit. A stop may be justified even in the absence of a traffic infraction when the vehicle is being operated in an unusual manner. State v. Rodriguez, 904 So.2d 594, 598 (citing Ndow v. State, 864 So.2d 1248, 1250 (Fla. 5th DCA 2004)). Accord Yanes v. State, 877 So.2d 25 (Fla. 5th DCA 2004) (holding that police officer’s observation of vehicle crossing fog line three times in space of one mile provided reasonable suspicion sufficient to justify vehicle stop, irrespective of whether anyone was endangered by such conduct, where nature of vehicle's abnormal movement caused officer to suspect that driver was impaired or otherwise unfit to drive); State v. Carrillo, 506 So.2d 495 (Fla. 5th DCA 1987) (weaving within lane five times within one-quarter mile sufficient to establish reasonable suspicion of impairment); Esteen v. State, 503 So.2d 356 (Fla. 5th DCA 1987) (weaving within lane and driving slower than posted speed justified stop based on reasonable suspicion of impairment, unfitness or vehicle defects, even absent a traffic violation); State v. Davidson, 744 So.2d 1180 (Fla. 2d DCA 1999) (finding that evidence of abnormal driving, albeit not amounting to a traffic violation, justified stop based on reasonable suspicion of impairment); Roberts v. State, 732 So.2d 1127 (Fla. 4th DCA 1999) (weaving several times sufficient to justify stop); State v. DeShong, 603 So.2d 1349 (Fla. 2d DCA 1992) (using lane as "marker” to position vehicle and slowing to 30 miles per hour sufficient to justify stop based on suspicion of impairment or defects in vehicle).

. Section 316.217(l)(a), Florida Statutes (2010) entitled, "When lighted lamps are required,” provides:
(1) Every vehicle operated upon a highway within this state shall display lighted lamps and illuminating devices as herein respectively required for different classes of vehicles, subject to exceptions with respect to parked vehicles, under the following conditions:
(a) At any time from sunset to sunrise including the twilight hours. Twilight hours shall mean the time between sunset and full night or between full night and sunrise.

. Proctor insists the trial court determined that, because Proctor was driving on a deserted street, he could safely drive the short distance before turning on his headlights as acknowledged by section 316.217(4), Florida Statutes (2010), which allows law enforcement vehicles to be operated without lights in certain circumstances. To the extent the trial court relied on this argument, we find it wholly without merit. The exception for law enforcement does not apply to Proctor. The statute is clear that a violation of section 316.217(l)(a) is a "noncriminal traffic infraction, punishable as a moving traffic violation 316.217(5), Fla. Stat. (2010).

. In addition to driving without headlights, Officer Lovett witnessed multiple other infractions that led him to believe the driver was intoxicated.