SCHEB, Acting Chief Judge.
The defendant, Motasha Godwin, was found guilty of committing burglary of a conveyance and aggravated battery on October 18, 1989. On appeal, she raises two points relating to her sentence.
First, she contends that the court erred in sentencing her as a habitual offender. § 775.084, Fla.Stat. (1989). She points to the fact that the trial court based *1258 its judgment on two convictions rendered on the same day as fulfilling the statutory requirement of two prior convictions necessary to establish that the defendant is a habitual offender. She correctly points out that contemporaneous convictions are insufficient to fulfill such statutory requirement. Marion v. State, 586 So.2d 67 (Fla. 2d DCA 1991); Troup v. State, 574 So.2d 271 (Fla. 2d DCA 1991); Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990).
Second, she contends the trial court erred by ordering her to make restitution to her victim without considering her ability to pay. We find no merit to her second contention. It is the defendant’s responsibility to establish an inability to make restitution. § 775.089(7), Fla.Stat. (1989); Goble v. State, 568 So.2d 91 (Fla. 1st DCA 1990); Spivey v. State, 501 So.2d 698 (Fla. 2d DCA 1987). At the sentencing hearing, the defendant made no showing of her inability to make restitution.
Accordingly, we affirm the defendant's convictions and the requirement that she make restitution. We vacate the sentence insofar as it adjudicated the defendant a habitual offender, and we remand to the trial court for sentencing the defendant within the sentencing guidelines.
RYDER and PATTERSON, JJ., concur.