PER CURIAM.
The appellant challenges the judgments and sentences imposed upon him after a jury found him guilty of conspiracy to commit aggravated battery and two counts of manslaughter. We reverse and remand for a new trial.
The appellant was charged with conspiracy to commit second degree murder and two counts of second degree murder. Following the presentation of the evidence and final argument, the trial court instructed the jury on manslaughter, a necessary less *561 er included offense of second degree murder. Although the appellant did not object at trial, the appellant now contends that the trial court committed fundamental error in failing to include the definitions of justifiable and excusable homicide as part of the manslaughter instructions. We agree.
The trial court gaye the standard jury instruction on manslaughter in its entirety, including the language stating: “However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as previously explained under those terms.” The trial court, however, did not give the long form instructions on justifiable and excusable homicide. Nor did the trial court give the introduction to homicide which includes the short form instructions on justifiable and excusable homicide.
An instruction defining justifiable and excusable homicide is necessary to provide a complete instruction on the crime of manslaughter. Hedges v. State, 172 So.2d 824 (Fla.1965); Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986). Notwithstanding the appellant’s failure to make a timely objection, the trial court’s failure to give a complete manslaughter instruction to the jury before it retired for deliberation constitutes fundamental error. Rojas v. State, 552 So.2d 914 (Fla.1989).
We, accordingly, reverse and remand for a new trial on the two counts of manslaughter and the conspiracy to commit aggravated battery. Fla.R.Crim.P. 3.640(a).
SCHOONOVER, C.J., and DANAHY and PARKER, JJ., concur.