587 So.2d 596 (1991)
Robert O'CONNER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-03491.
District Court of Appeal of Florida, Second District.
October 9, 1991.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., for appellee.
PER CURIAM.
Mr. O'Conner appeals the restitution provision of the order withholding adjudication and placing him on probation for grand theft and dealing in stolen property. The information, to which the defendant pleaded nolo contendere, alleged that he stole three specific items and dealt in one specific item. The trial court improperly ordered restitution for other missing items without proof that these losses were directly or indirectly caused by the defendant's offenses. Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991) (On Rehearing).
Mr. O'Conner also argues that the trial court did not properly consider his evidence concerning financial resources. It is incumbent upon the defendant to establish an inability to make restitution. Godwin v. State, 586 So.2d 1257 (Fla. 2d DCA 1991). At a hearing prior to the final restitution hearing, Mr. O'Conner had come forward with evidence of his financial inability. At the final restitution hearing, which Mr. O'Conner did not attend, the trial court deferred any consideration of Mr. O'Conner's ability to pay to the probation officer. We therefore reverse and remand for further proceedings to determine the fair market value of the damages caused directly or indirectly by Mr. O'Conner's offenses, and the defendant's ability to pay restitution. § 775.089, Fla. Stat. (1989); Pettway v. State, 502 So.2d 1366 (Fla. 2d DCA 1987).
Reversed and remanded.
SCHEB, A.C.J., and THREADGILL and ALTENBERND, JJ., concur.