SCHEB, Acting Chief Judge.
The defendant, Robert 0. Williams, challenges his judgments and sentences following a jury’s verdict finding him guilty of conspiracy to commit aggravated battery and two counts of manslaughter. We reverse.
The defendant was charged with two counts of second degree murder and one count of conspiracy to commit second degree murder. The state tried the defendant with his coperpetrator, Robert Weiner. In Weiner v. State, 587 So.2d 560 (Fla. 2d DCA 1991), this court reversed and remanded codefendant’s convictions for conspiracy to commit aggravated battery and two counts of manslaughter, granting Weiner a new trial. Similarly, we find merit in the defendant’s argument that the trial court’s failure to include the definitions of “excusable” and “justifiable” homicide in the jury instructions constituted fundamental error.
During the trial court’s instructions to the jury on lesser included offenses, it read the entire standard jury instruction on manslaughter. This included the language stating, “[hjowever, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as previously explained under those terms.” The trial court, however, failed to give the long form instructions on justifiable and excusable homicide. Moreover, it failed to give the introduction to homicide, which includes the short form instructions on justifiable and excusable homicide.
An instruction defining justifiable and excusable homicide is necessary to provide a complete instruction on the crime of manslaughter. Hedges v. State, 172 So.2d 824 (Fla.1965); Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986). Although the defendant did not timely object, the trial court’s failure to give a complete manslaughter instruction to the jury before it retired for deliberation constitutes fundamental error. Rojas v. State, 552 So.2d 914 (Fla.1989).
We find no merit to the defendant’s other points on appeal. However, for possible future reference, we note that since the defendant neither objected to being required to make restitution nor offered any evidence of his -inability to pay, the trial court did not err in its order of restitution. Section 775.089(7), Fla.Stat. (1989); Godwin v. State, 586 So.2d 1257 (Fla. 2d DCA 1991).
We reverse and remand for a new trial on the two counts of manslaughter and one count of conspiracy to commit aggravated battery. See Fla.R.Crim.P. 3.640(a).
RYDER and LEHAN, JJ., concur.